**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leroy J. BUSSEY,**
**Defendant-Appellant.**

**No. 74–2476.**

United States Court of Appeals,
Ninth Circuit.

Nov. 26, 1974.

2. Because we affirm the district court, we need not discuss any of the protective appeals filed herein.

Levi J. Smith, Portland, Or., for defendant-appellant.

Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING and TRASK, Circuit Judges, and JAMESON,* District Judge.

## OPINION

TRASK, Circuit Judge:

Leroy Bussey appeals his conviction at a trial to the court for attempted bank robbery, 18 U.S.C. § 2113(a), and for carrying a firearm during an attempted bank robbery, 18 U.S.C. § 924(c) (Supp. 1974). His plan was a rather elaborate one to force the bank manager to accompany him and his confederates from his home to the bank where the manager would open the vault door for them. The plan progressed with the aid of pistols and a shotgun to the point where the manager explained that the vault door had a time lock which would not permit anyone to open it until a much later designated time. They were convinced and left the house. A woman who was a participant told the whole story to the FBI and gave written permission for a search of the motel room where the group was staying. A search was made and incriminating evidence was obtained.

■ At a hearing the court denied suppression upon the ground that a valid consent had been given. The court was correct as to the common areas, United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 225 (1974), but in error as to the appellant's personal luggage from which much of the evidence was taken.

■ The error was harmless in view of the overwhelming case against appellant which the Government produced. For instance, (1) the wife of the bank manager identified appellant at trial; (2) Bussey's woman companion testified in detail about his participation in the planning and execution of the attempted robbery; (3) she also disclosed how certain guns stolen from the bank manager's house were disposed of in a lake; they were recovered and identified at trial; and (4) another independent witness, Nick Duarte, testified to an admission of the attempted robbery by appellant. The trial court did not rely upon the suppressed evidence in its findings of fact and conclusions of law which supported the judgment. The admission into evidence of the items which should have been suppressed was harmless error. Brown v. United States, 411 U.S. 223, 231, 93 S.Ct. 1577, 36 L.Ed.2d 251 (1973); Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

■ Appellant next contends that his acts did not constitute an attempted bank robbery. His argument based upon his reading of the statute is frivolous. Next, he argues that his acts did not progress to the point of the commission of the attempt. In Giles v. United States, 157 F.2d 588 (9th Cir.), cert denied, 331 U.S. 813, 67 S.Ct. 1197, 91 L.Ed. 1832 (1946), we approved a jury instruction defining attempt as "an act tending toward the accomplishment, and done in part execution of the design to commit a crime, exceeding an intent but falling short of an execution of it." 157 F.2d at 590. In the present case the activities of the appellant clearly meet this test. *See* Lemke v. United States, 211 F.2d 73, 75 (9th Cir.), cert. denied,

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

347 U.S. 1013, 74 S.Ct. 866, 98 L.Ed. 1136 (1954).

Finally, appellant relies upon abandonment. However it is not sufficient as a defense to proceed well into the execution and then turn away because the plans are found to have been frustrated. A voluntary abandonment of an attempt which has proceeded well beyond preparation as here, will not bar a conviction for the attempt. Boyles v. State, 46 Wis. 2d 473, 175 N.W.2d 277 (1970); *see* W. LaFave & A. Scott, Handbook on Criminal Law 448 (1972). Appellant's activities clearly progressed too far to be saved by what he termed an abandonment, but which more clearly appears to have been an involuntary foiling of his efforts. Finding no reversible error,

The judgment is affirmed.