UNITED STATES of America,
Plaintiff-Appellee,

v.

Clarence Lee McDOWELL,
Defendant-Appellant.

No. 82–8079.

United States Court of Appeals,
Eleventh Circuit.

May 16, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 9, 1983.

Stephen A. Land, Atlanta, Ga., James W. Oxendine, Norcross, Ga., for defendant-appellant.

Craig A. Gillen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and MORGAN, Senior Circuit Judge.

GODBOLD, Chief Judge:

Clarence Lee McDowell was convicted of attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. We affirm.

## I.

In the fall of 1980 McDowell purchased two kilograms of cocaine from Fernando Dalmau. Dalmau was arrested later for an unrelated offense and agreed to act as an undercover agent for the Drug Enforcement Administration (DEA).

In the summer of 1981 Dalmau and McDowell began negotiating another cocaine deal. They discussed the deal in a series of telephone conversations that DEA recorded. McDowell, a resident of Knoxville, Tennessee, agreed to travel to Atlanta, Georgia to make the purchase.

McDowell, Dalmau and Crane, an undercover DEA agent, met in McDowell's motel room in Atlanta and negotiated the sale of one kilo of cocaine for $58,500. Crane told McDowell that he wanted to see the money before bringing the cocaine into the room. McDowell insisted on examining the cocaine first. Crane and Dalmau left the motel. A few minutes later they returned with two packages of sham cocaine and advised McDowell that he could examine the packages but not test the cocaine until Crane had seen the money. McDowell examined the packages closely and stated: "This does not look like anything I ever done before. I don't want to buy it."

Crane later arrested McDowell in his motel room. McDowell's briefcase was lying open on the bed. A DEA agent seized the briefcase and its contents which included a portable microscope. Agents obtained McDowell's keys, seized his vehicle pursuant to the forfeiture provision of the federal drug laws, and searched it. In the glove compartment they found a revolver; in the trunk a suitcase containing a sifter, plastic containers and a silver spoon. Traces of cocaine were found on the plastic containers and the spoon.

McDowell moved to suppress the evidence seized pursuant to the search of his room and vehicle. The district court suppressed only the evidence found in the suitcase in the trunk of the car.

McDowell was tried before a jury and convicted of attempt to possess with intent to distribute cocaine.

## II.

### A. Sufficiency of McDowell's objective acts

McDowell maintains that the evidence is insufficient to sustain his conviction. *U.S. v. Mandujano,* 499 F.2d 370 (5th Cir.1974), *cert. denied,* 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975), established a test for determining whether a defendant may be convicted of an attempt.

First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting....

Second, the defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime. A substantial step must be con-

duct strongly corroborative of the firmness of the defendant's criminal intent. *Id.* at 376 (citations omitted).

■ *U.S. v. Oviedo,* 525 F.2d 881 (5th Cir.1976), refined the second criterion. *Oviedo* held that the court must find that the defendant's objective acts, without reliance on the accompanying *mens rea,* mark the defendant's conduct as criminal. In other words, the defendant's acts, taken as a whole, must strongly corroborate the required culpability; they must not be equivocal. *U.S. v. Korn,* 557 F.2d 1089 (5th Cir. 1977).

McDowell's objective acts include: (1) a prior drug transaction with Dalmau; (2) recorded phone conversations about a possible cocaine deal; (3) his trip from Knoxville to Atlanta where the transaction was to take place; (4) his conversation with Dalmau and Crane in the motel room; (5) possession of a microscope that could be used to test the cocaine; and (6) the presence of a gun in his car. Analogizing to the facts of other cases, McDowell contends that these acts are insufficient under *Oviedo.* He emphasizes his refusal to purchase the cocaine and the fact that no money changed hands.

■ We find McDowell's objective acts sufficiently corroborative of guilt to sustain his conviction. All of McDowell's objective acts were consistent with an intent to purchase illicit drugs. A monetary exchange is not an essential objective act, and McDowell's actions were not rendered equivocal because money did not change hands. McDowell's refusal to purchase the sham cocaine because of doubts as to its genuineness or quality is also consistent with a criminal enterprise. While the government's use of sham cocaine is not consistent with criminality, the acts of the government are "not a relevant reflection of [McDowell's] underlying intent." *Korn,* 557 F.2d at 1091.

■ McDowell also argues that his objective acts are insufficient under *Oviedo* because they are consistent with a legitimate explanation of his conduct. He says that he

pretended to be a cocaine dealer to help Dalmau, who had agreed to cooperate with DEA after his arrest for an unrelated offense. This explanation relates to McDowell's mental state and does not render his conduct, without reference to his underlying intent, equivocal.

## B. Renunciation

McDowell argues that his refusal to complete the transaction was a renunciation of criminal intent that bars his conviction. There are few federal cases dealing with renunciation of criminal attempt. *See U.S. v. Jackson,* 560 F.2d 112 (2d Cir.), *cert. denied,* 434 U.S. 941, 98 S.Ct. 434, 54 L.Ed.2d 301 (1977); *U.S. v. Bussey,* 507 F.2d 1096 (9th Cir.1974). McDowell cites the Model Penal Code which recognizes renunciation as a defense.

(4) Renunciation of Criminal Purpose. When the actor's conduct would otherwise constitute an attempt ..., it is an affirmative defense that he abandoned his effort to commit the crime ..., under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.

Model Penal Code Sec. 5.01(4) (Proposed Official Draft 1962).

So defined, renunciation did not occur here. It appears, and the jury could find, that McDowell spurned the deal not to renounce his criminal intent but because he doubted either the genuineness or quality of the cocaine. McDowell cites no evidence indicating he rejected the cocaine because he had had a change of heart.

■ Assuming renunciation is a valid defense under the proper circumstances, McDowell has not proven the defense under any definition this court is willing to accept.

## C. Prior dealings with Dalmau

McDowell argues that the evidence of his first cocaine deal with Dalmau was inad-

missible under Fed.R.Evid. 404(b).[1] He contends that the admission of this extrinsic act evidence constitutes plain error requiring reversal of his conviction.

The government argues that McDowell has improperly characterized the evidence.

An act cannot be characterized as an extrinsic act when the evidence concerning that act and the evidence used to prove the crime charged are inextricably intertwined.

*U.S. v. Aleman,* 592 F.2d 881, 885 (5th Cir. 1979). Arguably evidence concerning the dealings between Dalmau and McDowell is "inextricably intertwined" with the crime charged. Dalmau's testimony might have been incomplete and confusing had he not been permitted to mention the first cocaine deal.

▉ Even if the first transaction is treated as an extrinsic act, admission of the evidence was proper under the test set out in *U.S. v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). *Beechum* held that extrinsic act evidence is admissible if the evidence is relevant to an issue other than the defendant's character, Fed.R.Evid. 404(b), and if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Fed.R. Evid. 403.[2] In the case before us evidence of the prior cocaine deal was admissible to show intent. The district court did not abuse its discretion in ruling that the prejudicial effect of the evidence did not substantially outweigh its probative value. *See U.S. v. Thevis,* 665 F.2d 616, 633–34 (5th Cir.) (Unit B), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2300, 73 L.Ed.2d 1303 (1982).

The remaining objections raised by McDowell are without merit.

AFFIRMED.

---

1. Fed.R.Evid. 404(b) provides:

   (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. Fed.R.Evid. 403 provides:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.