**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ernst Ludwig FORBRICH,**
**Defendant-Appellant.**

**No. 84–3557**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 18, 1985.

Mark A. Pizzo, Asst. Federal Public Defender, Ronald K. Cacciatore, Tampa, Fla., for defendant-appellant.

George E. Tragos, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

In this case, we review the government's evidence to determine whether it is sufficient to prove that the appellant "attempted to ... deliver and transmit ... to a foreign government ... information relating to the national defense." We find the evidence sufficient and affirm the convictions.

Federal Bureau of Investigation (FBI) agents arrested Ernst Ludwig Forbrich, a West German national, in the hallway of a motel in Clearwater Beach, Florida. The arrest followed Forbrich's purchase, from an undercover FBI agent, of the Defense Intelligence Agency Register publication, a classified United States document. A jury convicted Forbrich of knowingly attempting to "communicate, deliver and transmit, directly and indirectly to a foreign government ... writings and information relating to the national defense" in violation of 18 U.S.C.A. § 794(a) (1976) (Count 1), and of taking documents connected with the national defense knowing that they would be used to injure the United States by a foreign nation in violation of 18 U.S.C.A. § 793(b) (1976) (Count 2). Forbrich appeals his conviction for attempting to deliver a national defense document (Count 1).

Forbrich argues that his conviction should be reversed because the government produced insufficient evidence to prove beyond a reasonable doubt that his conduct constituted a substantial step towards the commission of the crime charged. Forbrich concedes that the government proved that he had on several occasions received military information from U.S. personnel in West Germany, obtained military information from two Americans in the United States, delivered military information to an intelligence agent of the German Democratic Republic ("East Germany"), met with an undercover FBI agent to discuss the purchase of the classified document, purchased the classified document, and exited the hotel room with the document concealed.

In reviewing challenges to sufficiency of evidence, this court must view the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and must affirm a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Figueroa*, 720 F.2d 1239, 1243 (11th Cir.1983); *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other*

*grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). The evidence may be sufficient though it does not "exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion of guilt.... A jury is free to choose among reasonable constructions of the evidence." *Bell,* 678 F.2d at 549. To be convicted of attempt:

> first, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting....
>
> Second, the defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime. A substantial step must be conduct strongly corroborative of the firmness of the defendant's criminal intent.

*United States v. Mandujano,* 499 F.2d 370, 376 (5th Cir.1974), *cert. denied,* 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975).

■ Forbrich cites this circuit's decision in *United States v. McDowell,* 705 F.2d 426 (11th Cir.1983), to support his conclusion that insufficient evidence existed to prove that he attempted to pass the classified document to an agent of a foreign nation. In *McDowell,* we held that the government at a trial for "attempt" must produce evidence sufficient to show (1) that the defendant acted with the kind of culpability required for the commission of the crime and (2) that the defendant engaged in conduct which constituted a substantial step toward commission of the crime. To find that a substantial step was taken, the court must determine that the defendant's objective acts mark the defendant's conduct as criminal so that the defendant's acts as a whole strongly corroborate the required culpability. *United States v. Korn,* 557 F.2d 1089 (5th Cir.1977); *United States v. Oviedo,* 525 F.2d 881 (5th Cir.1976).

■ On review of the record, we hold that although no delivery of the document occurred, Forbrich did take a substantial step towards the commission of the crime. Forbrich's reliance on *McDowell* is unavailing. Even if Forbrich's hypothesis is reasonable, the conviction under Count I, nonetheless, would not be overturned merely because the evidence may not be sufficient to exclude his particular hypothesis. *Bell,* 678 F.2d at 549. Further, in the absence of the hypothesis, *McDowell* offers no hope for Forbrich because, based on evidence of similar objective acts, McDowell was found guilty of attempting to possess with intent to distribute cocaine. The objective facts of this case, viewed in the light most favorable to the government, are sufficient to support a reasonable fact-finder's determination that Forbrich's exit of the motel room with the document concealed was a substantial step in furtherance of the actual delivery of the document. Accordingly, sufficient evidence existed to sustain the jury verdict of guilty of attempting to deliver the document to an agent of a foreign nation.

AFFIRMED.