962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Anthony BROWN, Defendant-Appellant.
 No. 91-50139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1992.
Decided May 7, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brown appeals his conviction on two counts of attempted bank robbery in violation of 18 U.S.C. § 2113(a). The government concedes that retrial is required because the district court erred in rejecting Brown's peremptory challenge. Accordingly, we reverse and remand for retrial. Although we need not discuss the peremptory challenge issue because of the government's concession, we address a number of other issues that may arise on retrial in the exercise of our discretion to provide guidance to the district court. See, e.g., Gregorian v. Izvestia, 871 F.2d 1515, 1526 (9th Cir.1989).
 
 
 3
 * This case arises from Brown's behavior at two banks. He did not take anything of value from either bank. In the first bank, he gave a teller a note stating: "I have a gun. Put all your money in a box." The teller did not give money. The teller instead used a panic button to summon a supervisor who asked Brown if she could be of assistance. The defendant then smiled and left the bank. Ten minutes later the defendant entered another bank and told a teller: "This is a holdup. Give me all your money." The teller said she would be "right back" and went to the manager. At some point, Brown then left the second bank.
 
 II
 
 4
 Brown argues that the district court should have given an abandonment instruction. Based upon the evidence presented at trial, the district court did not err in denying an instruction on the defense of abandonment. Because Brown only left each bank after the tellers failed to give him money and other bank personnel became aware of his presence, there is insufficient evidence to warrant an abandonment instruction under either the Model Penal Code[1] or United States v. Bussey, 507 F.2d 1096, 1098 (9th Cir.1974) ("[I]t is not sufficient as a defense to proceed well into the execution and then turn away because the plans are found to have been frustrated.")
 
 III
 
 5
 Brown next argues that the district court improperly allowed expert testimony, in violation of Fed.R.Evid. 704(b),[2] on Brown's intent to rob the bank. A government psychiatrist initially testified that Brown "understood that what he was doing was wrong" and "understood the consequences of his behavior." Excerpts of Record (ER) 30. He opined that "the pacing behavior [of Brown] ... was reflecting anxiety, nervousness--." Id. Finally, he testified that Brown "was trying to deprive the bank of its money." ER 31.
 
 
 6
 The district court overruled Brown's objections to the testimony. The district court issued the following instruction after the last objection:
 
 
 7
 Ladies and gentlemen, it is important that you understand that as jurors you are the trier of fact. One of the things you are going to have to decide in this case is whether or not--if you decide it was this defendant who did the things that were described in these banks, you are going to have to decide whether he in fact intended to rob the banks, whether he's sick or not, whether or not he intended to rob them.
 
 
 8
 The doctor's testimony is directed toward a medical condition of the defendant so that you can better understand whether or not he did have the capacity and did in fact intend to rob the banks.
 
 
 9
 The doctor can testify about the capacity, but he leaves the question as to whether or not the defendant did in fact intend to rob the banks up to you because you are the jury.
 
 
 10
 So the doctor is telling you about his opinion as to whether the defendant had the mental capacity to intend to rob banks. But the question of whether he did or not, that is a jury question. That is something that you'll have to decide.
 
 
 11
 ER at 9-10.
 
 
 12
 We agree with Brown that the district court should have stricken the portions of the psychiatrist's testimony on his intent. Furthermore, we agree that the instruction did not fully address the violation of Rule 704(b). In part, the rule recognizes that the jury, upon hearing opinion testimony about the intent of a defendant from an expert, may give the expert opinion excessive weight. The district court instruction did not clearly state that the expert's testimony could not be considered evidence of Brown's intent. In fact, part of the judge's instruction seems to suggest that the expert's testimony should be considered on the question of intent itself: "The doctor's testimony is directed toward a medical condition of the defendant so that you can better understand whether or not he did have the capacity and did in fact intend to rob the bank." ER 10 (emphasis supplied).
 
 
 13
 Accordingly, the district court should not have admitted the testimony, and any curative instruction should have stated explicitly that the psychiatrist's testimony was not evidence of Brown's intent.
 
 IV
 
 14
 Brown also argues that the prosecutor's closing argument violated his Fifth Amendment right not to testify at trial. Although Brown elected to exercise that right by not testifying, the prosecutor said in closing that Brown had "constantly during this trial give[n] out a little smile." ER 41-42. The district court admonished the jury to disregard the remark, saying "I don't think the defendant appearance in court is relevant in this case." ER 41. Brown objected and moved for a mistrial. The district court denied the motion.
 
 
 15
 We agree with the district court that such a comment was irrelevant. We also agree with Brown that, where a defendant elects not to testify, the Fifth Amendment strictly forbids comments on his behavior in court.
 
 
 16
 Because of the peremptory challenge error, the judgment of conviction is VACATED, and the case is REMANDED for retrial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Model Penal Code defines the abandonment defense as follows:
 When the actor's conduct would otherwise constitute an attempt ..., it is an affirmative defense that he abandoned his effort to commit the crime or otherwise prevented its commission under circumstances manifesting a complete and voluntary renunciation of his criminal purpose....
 Within the meaning of this Article, renunciation of criminal purpose is not voluntary if it is motivated, in whole or in part, by circumstances not present or apparent at the inception of the actor's course of conduct, that increase the probability of detection or apprehension or that make more difficult the accomplishment of the criminal purpose. Renunciation is not complete if it is motivated by a decision to postpone the criminal conduct until a more advantageous time or to transfer the criminal effort to another but similar objective or victim.
 American Law Institute, Model Penal Code and Commentaries, (1985) commentary to § 5.01(4), at 75 (emphasis supplied).
 
 
 [2]
 Rule 704(b) provides:
 No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.