**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rafael PEREZ, Defendant–Appellant.**

**No. 91–5562.**

United States Court of Appeals,
Eleventh Circuit.

May 28, 1993.

---

Jill K. Traina, Coral Gables, FL, for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Carol E. Herman, Karen Rochlin, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before ANDERSON, Circuit Judge, DYER and PECK *, Senior Circuit Judges.

DYER, Senior Circuit Judge:

Rafael Perez was convicted and sentenced to forty-one months in prison following his guilty plea to the charge of violating 18 U.S.C. § 1956(a)(3)(B), commonly known as the "sting provision" of the money laundering statute. Perez appeals his sentence based on the district court's application of the enhancement provision of the sentencing guidelines, § 2S1.1(b)(1), concerning a defendant's knowledge that the funds involved in the offense were the proceeds of an unlawful activity involving narcotics. We affirm.

We review *de novo* the district court's legal interpretation of the Sentencing Guidelines. *See United States v. Odedina*, 980 F.2d 705 (11th Cir.1993).

## BACKGROUND

At the time Perez was sentenced, U.S.S.G. § 2S1.1(b)(1) provided as specific offense characteristics: "If the defendant knew that the funds were the proceeds of an unlawful

---

\* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

activity involving the manufacture, importation, or distribution of narcotics or other controlled substance, increase by 3 levels." The district court applied § 2S1.1(b)(1), based upon evidence that Perez believed that the funds were from a drug activity, that being the "thrust of the enhancement provision." Although "sham" drug money was used in the sting, it was Perez' understanding that the money constituted actual drug proceeds.

## DISCUSSION

### 1. *Knowledge*

 Perez argues that the source of funds from narcotics trafficking cannot be "known" for sentencing purposes when government funds are used to conduct a sting operation, which funds are not the proceeds of unlawful activity. However, we address the question for purposes of sentencing based on Perez' knowledge that he was engaged in laundering drug proceeds. We find unpersuasive the distinction between "knowledge" and "belief" urged by Perez for purposes of sentencing when such a distinction is irrelevant for conviction of the substantive money laundering offense.

We note that in a case of first impression, the Fifth Circuit in *United States v. Breque,* 964 F.2d 381, 388–89 (5th Cir.1992), considered the precise issue which is before us in this case. That court vacated Breque's enhanced sentence based on its interpretation of the intent of Congress in adopting an amendment to § 2S1.1(b)(1) [effective November 1, 1991] to insert "or believed" immediately following "knew." [1] The court reasoned that the amendment "suggests quite strongly that the word 'know' in the version of 2S1.1(b)(1) relevant here is insufficient, by itself, to encompass the state of mind of defendants caught laundering money that is not, in fact, the proceeds of drug activity."

Our analysis of the enhancement provision applies to the guideline in effect at time Perez was sentenced, not the amended version. Perez, like Breque, was sentenced before the amendment's effective date. For the reasons which follow, we decline to follow the Fifth Circuit's interpretation of § 2S1.1(b)(1) in *Breque,* which distinguishes knowledge and belief regarding the source of the funds for purposes of sentencing for a money laundering offense in a sting operation based on the later adoption of the amendment.

In our view, empirical knowledge of a fact based on objective truth does not set the limits for sentence enhancement when the defendant engages in the offense of laundering funds provided through a government "sting" operation. When a defendant's criminal intent is to launder *drug proceeds,* the defendant's knowledge is not dependent on establishing the actual source of the funds to overcome what was known by the defendant as a fact when he committed the offense. *See United States v. Parramore,* 720 F.Supp. 799, 802 (N.D.Calif.) (interpretation by courts of "know" to mean "believe").

Perez' conduct was based on his knowing act of participating in laundering funds represented to him to be drug proceeds. The undisputed purpose for engaging in the illegal activity was known to Perez. As a matter of common sense, appellant's proposition is incorrect. At the time of the transaction, Perez did "know" that money he was to launder was from a drug deal. The informant told him as much and Perez admitted to having this knowledge at the time of his arrest. Thus, until the government advised him otherwise through the charges that it filed, Perez had no doubt that he was laundering drug proceeds.

### 2. *Legislative History*

 Perez argues that because the pre-amendment Sec. 2S1.1(b)(1) was in effect *before* the sting provision was added to 18 U.S.C. § 1956 as subsection (a)(3)(B), the enhancement should not be used where his conviction was under the later adopted sting provision. We find this argument with respect to the importance of the "time frame"

---

1. The guideline was amended to read:
 If the defendant knew or believed that the funds were the proceeds of an unlawful activity involving the manufacture, importation or distribution of narcotics or other controlled substances, increase by 3 levels.

in clarifying the enhancement provision's applicability to be unpersuasive.

A more inclusive and relevant framework for our analysis is the enactment of the sting provision for money laundering drug proceeds against the background of the elimination of the impossibility defense in cases where "sham" substances were used by the government in narcotics sting operations. *See e.g., United States v. McDowell,* 705 F.2d 426, 428 (11th Cir.1983) (citing *United States v. Korn,* 557 F.2d 1089 (5th Cir.1977)) (acts of the government in using sham cocaine are "not a relevant reflection of [defendant's] underlying intent.")

*McDowell* is consistent with appellate court rulings addressing the defense of factual impossibility in the context of reverse stings involving cocaine or other controlled substances. *E.g., United States v. Contreras,* 950 F.2d 232, 237 (5th Cir.1991) (impossibility is not a defense if the crime could have been committed had the attendant circumstances been as the actor believed them to be), *cert. denied,* —— U.S. ——, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992) (citing *United States v. Conway,* 507 F.2d 1047, 1050 (5th Cir.1975)); *United States v. Pennell,* 737 F.2d 521, 524, 526 (6th Cir.1984) (government's unannounced use of sham cocaine cannot possibly reflect defendant's underlying intent), *cert. denied,* 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); *United States v. Everett,* 700 F.2d 900, 906–09 (3rd Cir.1983) (and cases cited therein); *United States v. Quijada,* 588 F.2d 1253, 1255 (9th Cir.1978) (generally, a defendant should be treated in accordance with the facts as he supposed them to be).

It is highly unlikely that Congress would codify precedent rejecting factual impossibility as a defense against criminal conviction, while impliedly preserving that defense for sentencing purposes. Perez' argument supports a legislative scenario which simply makes no sense: that in a statute where Congress took pains to create criminal liability even with the use of government funds, that this same fact should create an impossibility defense at sentencing. "Knowing" conduct may be established without reliance on the objective truth for both criminal liability

and sentencing, consistent with the elimination of the impossibility defense under such statutes which codify sting operations, including Section 1956(a)(3).

We note that in *Breque,* the Fifth Circuit did not consider its own or other precedent regarding application of the impossibility defense or the legislative history behind the creation of the sting provision. Pertinent to our analysis is the comment in *Parramore,* 720 F.Supp. at 804 n. 3, that the court relies on (a)(3) as a reflection of what Congress may have intended before the amendment [to (a)(1) and (a)(2) ].

## CONCLUSION

In this case, where Perez was convicted of violating 18 U.S.C. § 1956(a)(3)(B), we reject his argument that Sentencing Guideline Section 2S1.1(b)(1) in effect at the time of his sentencing does not apply to this particular statute. Appellant knew that the funds were represented to be drug proceeds, and, therefore, possessed the knowledge necessary to trigger the enhancement of his sentence. The district court did not err in applying the enhancement provision in sentencing Perez.

AFFIRMED.