[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2006
THOMAS K. KAHN
CLERK

No. 06-10350
Non-Argument Calendar

_____

D. C. Docket No. 05-00220-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDY PARRA-CHAVEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 2, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

A jury convicted Fredy Parra-Chavez for: (1) conspiring to possess with intent to distribute at least 50 grams of methamphetamine; and (2) attempting to possess with intent to distribute at least 50 grams of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Parra-Chavez argues that the district court erroneously denied a judgment of acquittal and clearly erred in imposing an unreasonable 235-month sentence. We affirm.

## I. BACKGROUND

On April 11, 2005, federal agents received a tip that a private plane landing at Hartsfield Airport carried narcotics. Upon searching the plane with the consent of its only passenger, Arturo Ochoa-Gonzalez, the agents found 13 pounds of methamphetamine with a street value of approximately $91,000. Ochoa-Gonzalez immediately cooperated with the agents. He admitted that he was running drugs from Mexico to Atlanta and had done so once before. His practice was to call a contact in Mexico to get the phone number of the intended recipient in Atlanta and then call the intended recipient to arrange an exchange. The agents told Ochoa-Gonzalez to continue with the exchange as planned.

Ochoa-Gonzalez's contact in Mexico gave him the Nextel "Direct Connect" number of Parra-Chavez, which was the same Atlanta number that Ochoa-Gonzalez had called on his previous drug run. Ochoa-Gonzalez and Parra-Chavez

arranged to meet where they met the first time, the Brooks Cafeteria in Atlanta. Federal officers observed Parra-Chavez and two other men meet Ochoa-Gonzales at the restaurant. After talking briefly, Parra-Chavez and his two companions left the restaurant. About an hour later, they returned in two cars, one of which was a green Camry. Parra-Chavez told Ochoa-Gonzalez that the money was in the trunk of the Green Camry and handed him the keys. Ochoa-Gonzalez testified that Parra-Chavez expected him to return the car with the drugs.

Federal agents arrested Parra-Chavez, seized his cell phone, and recovered $317,720.00 from the Camry's trunk. Phone records showed that Parra-Chavez had been in contact with Ochoa-Gonzalez several weeks earlier and that Parra-Chavez had also called Ochoa-Gonzalez's contact in Mexico. Parra-Chavez was charged with conspiracy to possess and distribute methamphetamine and attempting to possess with intent to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

At the close of the presentation of evidence by the government at trial, Parra-Chavez moved for a judgement of acquittal. Fed. R. Crim. P. 29. Parra-Chavez argued that the government had failed to present sufficient evidence to prove his knowing involvement in a conspiracy or an attempt to possess and distributed methamphetamine. Parra-Chavez argued that there was no evidence,

3

save Ochoa-Gonzalez's testimony, that Parra-Chavez had discussed, handled, or asked for drugs or money. The district court denied the motion and a jury convicted Parra-Chavez.

Applying the Federal Sentencing Guidelines, the probation officer found that Parra-Chavez had a total adjusted base level of 38 and a criminal history category of 1, which produced a sentencing range of 235 to 293 months. Parra-Chavez argued that he should be sentenced below the guideline range because of his age, lack of criminal history, and other considerations. 18 U.S.C. § 3553. He argued that he should receive a downward adjustment for a minor role. U.S.S.G. § 3B1.2. The court overruled Parra-Chavez's objections and sentenced Parra-Chavez to imprisonment for 235 months and supervised release of 5 years.

## II. STANDARD OF REVIEW

Three standards of review govern this appeal. First, we review <u>de novo</u> whether sufficient evidence supports a conviction, inquiring as to whether, after viewing the evidence in the light most favorable to the government, any reasonable jury could have found the essential elements of a crime beyond a reasonable doubt. <u>See</u> <u>United States v. Charles</u>, 313 F.3d 1278, 1284 (11th Cir. 2002) (citations omitted). All reasonable inferences are drawn in favor of the jury's verdict. <u>United States v. Castro</u>, 89 F.3d 1443, 1450 (11th Cir. 1996) (citations omitted).

Second, we review a denial of a minor-role reduction for clear error. United States v. De Varon, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc). To conclude that the district court committed clear error, we must be "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation marks omitted). Third, we review a sentence for reasonableness. See United States v. Talley, 431 F.3d 784, 785, 787 (11th Cir.2005). Review for reasonableness is deferential. Id. We reverse only if "the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. at 788.

## III. DISCUSSION

*A. The District Court Did Not Err by Denying Parra-Chavez's Motion for Acquittal.*

The burden of proof that the government bore at trial on each of the two charges is well-established. To sustain a conviction for conspiracy to possess with intent to distribute methamphetamine, the government must offer sufficient evidence to prove, beyond a reasonable doubt, that: (1) an illegal agreement existed to possess with intent to distribute methamphetamine; (2) the defendant was aware of the agreement; and (3) the defendant knowingly and voluntarily joined the agreement. Charles, 313 F.3d at 1284. Where, as here, the government's case is

5

based on circumstantial evidence, "reasonable inferences, and not mere speculation, must support the jury's verdict." Id. (internal quotations and citations omitted). A defendant's mere presence at the scene of the crime, while a probative factor, is insufficient in itself to support a conspiracy conviction, as the government must also prove that the defendant "knew the essential nature of the conspiracy." Id. (internal quotations and citations omitted). To sustain a conviction for attempt to possess with intent to distribute methamphetamine, the government must show that the defendant had the specific intent to engage in criminal conduct and that he took a substantial step toward commission of the offense. United States v. Baptista-Rodriguez, 17 F.3d 1354, 1369 (11th Cir. 1994). To find that a substantial step was taken, the court must determine that the defendant's objective acts mark the defendant's conduct as criminal so that the defendant's acts as a whole strongly corroborate the required culpability. United States v. Forbrich, 758 F.2d 555, 557 (11th Cir. 1985).

Parra-Chavez argues that insufficient evidence supported each of his convictions, but we disagree. The evidence at trial established that Parra-Chavez twice delivered large amounts of money to Ochoa-Gonzalez. On the first occasion, Ochoa-Gonzalez testified that he returned Parra-Chavez's car to him with drugs in the trunk of the car. Cell phone records and the transcript of telephone

conversations between Ochoa-Gonzalez and Parra-Chavez corroborated Ochoa-Gonzalez's testimony and revealed a pattern of business in drug transactions. Federal agents watched as Parra-Chavez met with Ochoa-Gonzalez at the restaurant, followed him while he drove to another location about 30 minutes away, and, upon his return, saw him hand Ochoa-Gonzalez the keys to a car containing a bag of money. It was neither unreasonable for the jury to find that the delivery of money was a substantial step toward the possession and distribution of methamphetamine nor for the jury to find that Parra-Chavez was a knowing and willing participant in the conspiracy.

Parra-Chavez also argues that we should discount Ochoa-Gonzalez's testimony because he was only cooperating as part of a plea agreement. This argument fails. Parra-Chavez had the opportunity to cross-examine Ochoa-Gonzalez before the jury, and it is not for us to second guess the jury's reasonable decision to credit Ochoa-Gonzalez's testimony. The district court did not err in denying Parra-Chavez's motion for judgment of acquittal.

*B. The District Court Did Not Clearly Err By Denying Parra-Chavez a Minor Role Reduction.*

Section 3B1.2(b) of the United States Sentencing Guidelines provides for a two-level reduction in a defendant's base offense level if the court determines that

7

the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2(b). In De Varon, we established a two-step inquiry for deciding whether a defendant played a minor role. First, the district court "must measure the defendant's role against the relevant conduct attributed to [him] in calculating [his] base offense level." De Varon, 175 F.3d at 943-44. Second, the district court "may also measure the defendant's role against the other participants, to the extent that they are discernable, in the relevant conduct." Id. at 945. "[T]he district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944. A conspiracy can exist in which no participant plays a minor role. See United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991).

Parra-Chavez argues that, because he had no involvement in the planning of the drug transactions nor any contact with drug owners in Mexico and was a mere "mule" who delivered money, the district court erred in denying him a minor-role reduction. We disagree. Under the first step of the De Varon test, Parra-Chavez failed to establish that he played a minor role in the relevant conduct for which he was held accountable at sentencing. The evidence showed that Parra-Chavez organized and executed the delivery of a large sum of money for the purchase of

8

methamphetamine, and Parra-Chavez's sentence is based on his role in that offense. The evidence also showed that Parra-Chavez was not a minor participant in comparison to other defendants. The district court did not commit clear error in denying Parra-Chavez a minor-role reduction.

### C. *Parra-Chavez's 235 month sentence is reasonable.*

Parra-Chavez argues that his 235-month sentence is unreasonable because he was a first time offender, was convicted on the basis of "the minimally corroborating testimony" of Gonzalez, and is old enough that the sentence may last his entire life. Again, we disagree. The district court imposed a sentence at the bottom of the Guidelines range and less than the statutory maximum of life imprisonment, both of which are indications of a reasonable sentence. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"); Winingear, 422 F.3d at 1246 (comparing the sentence imposed to the statutory maximum in determining its reasonableness); 46 U.S.C. App. § 1903(g) and (j); 21 U.S.C. § 960(b)(1)(B)(ii). The district court accounted for Parra-Chavez's lack of criminal history by correctly calculating the advisory Guidelines range using a criminal history category of 1. The district court then considered the factors contained in section 3553(a) and adequately accounted for the unique circumstances, if any, present in this case.

9

Talley, 431 F.3d at 786.  Parra-Chavez's sentence is reasonable.

## IV.  CONCLUSION

Parra-Chavez's conviction and sentence are **AFFIRMED.**