[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

No. 08-15329
Non-Argument Calendar

_____

D. C. Docket No. 07-23076-CV-JAL

ROY GEER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 3, 2009)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roy Geer, a federal prisoner, appeals *pro se* the district court's denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a Certificate of Appealability ("COA") on Geer's ineffective assistance of counsel claim, specifically whether his counsel erred in denying his requests to testify. On appeal, Geer argues that the district court erred in finding that his trial counsel's performance was not deficient because his attorney ignored Geer's numerous requests to testify at his trial. Additionally, Geer maintains that he was prejudiced by such deficient performance. Because it found a lack of prejudice, the district court denied Geer an evidentiary hearing on whether his counsel refused to allow Geer to testify. After a thorough review of the record, we vacate and remand to the district court for an evidentiary hearing as to whether Geer's counsel denied his requests to testify.

When reviewing the denial of a § 2255 motion, we review a district court's factual findings for clear error and legal issues *de novo*. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to *de novo* review. *Caderno v. United States*, 256 F.3d 1213, 1216–17 (11th Cir. 2001) (per curiam) (citation omitted). We review the district court's denial of a § 2255 evidentiary hearing for abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A court does not need to address both prongs if a defendant fails to establish one of the prongs. *Id.* at 697, 104 S. Ct. at 2069.

We have held that "a criminal defendant has a fundamental constitutional right to testify on his behalf, that this right is personal to the defendant, and that the right cannot be waived by defense counsel." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (en banc). If this right is violated, the defendant's claim is one of ineffective assistance of counsel. *Id.* If counsel deprives his client of the right to testify, his conduct violates the first prong of the *Strickland* test. *Id.* at 1534.

However, a defendant must also satisfy the second prong of *Strickland*, which requires a showing of prejudice. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, the defendant must demonstrate that a reasonable probability exists that, but for counsel's ineffectiveness, the result of the case would have been different, and a reasonable probability is a probability that is sufficient to undermine confidence in the conviction. *Id.* at 694, 104 S. Ct. at 2068. A defendant's testimony "must be considered of prime importance" when

the point of the criminal trial was to determine if the defendant was involved in the criminal activity. *Nichols v. Butler*, 953 F.2d 1550, 1554 (11th Cir. 1992) (en banc) (quoting *United States v. Walker*, 772 F.2d 1172, 1179 (5th Cir. 1985)).

The district court did not conduct an evidentiary hearing to determine prong one of *Strickland*, whether Geer's counsel deprived him of the right to testify. In § 2255 proceedings, the district court is required to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Anderson v. United States*, 948 F.2d 704, 706 (11th Cir. 1991) (quoting 28 U.S.C. § 2255(b)). If the prisoner alleges facts that, if true, would entitle him to relief, a district court should order an evidentiary hearing. *Aron*, 291 F.3d at 714–15 (citation omitted). Furthermore, a court should construe a *pro se* petition more liberally than one filed by an attorney. *See id.* at 715 (citation omitted); *see also Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (citation omitted). However, a district court need not hold an evidentiary hearing for "patently frivolous claims or those which are based upon unsupported generalizations" or "where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)).

Here, the record cannot conclusively demonstrate that Geer's claim is meritless. There is no evidence in the record of whether Geer requested to testify and was refused. Construing his *pro se* brief liberally, Geer makes specific allegations that, if true, would entitle him to relief. As to prong one of *Strickland*, Geer alleges that he demanded to testify on multiple occasions, but defense counsel rested without allowing him to do so.

Geer has made a showing of prejudice under prong two of *Strickland.* To support Geer's conviction for conspiracy, the government was required to prove that "an agreement existed between two or more persons to commit a crime and that the defendant knowingly and voluntarily joined or participated in the conspiracy." *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983) (citation omitted). Mere presence at the scene of the crime or close association with co-conspirators is insufficient to prove knowing participation in a conspiracy. *Id.*; *see also United States v. Littrell*, 574 F.2d 828, 833 (5th Cir. 1978).

To support Geer's conviction for attempted importation of cocaine and attempted possession with intent to distribute, the government was required to prove, *inter alia*, that Geer "acted with the type of culpability required to import cocaine or to possess cocaine with the intent to distribute it." *United States v. Walden*, 175 F. App'x 308, 311 (11th Cir. 2006) (per curiam) (citing *United States*

5

*v. Forbrich*, 758 F.2d 555, 557 (11th Cir. 1985)).

The circumstantial evidence presented against Geer was as follows: (1) Geer switched shifts to work on the Seaboard Florida, the cargo ship in which the duffel bags containing cocaine were found; (2) Geer asked the first mate of the ship twice why the ship was late; (3) the first mate saw Geer enter the ship driving a yellow truck that he had never seen before on the ship; (4) the work gloves and hard hat of one of Geer's co-defendants were found in the yellow truck; (5) Geer approached, but did not enter, the storage area (or "junk pile area") where the cocaine was located and where he arguably had no need to approach; (6) the co-defendant who spotted one of the bags containing cocaine turned in the direction of Geer and made a hand gesture; and (7) Geer then returned to the truck, and moved it to another position that was closer to the area the drugs were located.

On Geer's direct appeal challenging the sufficiency of the evidence, this Court noted that "[w]hether the evidence is sufficient to sustain the verdict[] in this case is a close call."[1] *Id.* We upheld Geer's verdict, noting that the jury was entitled to infer that Geer was not merely present at the scene because he switched shifts to work on the Seaboard Florida on the day of the crime. *Id.* at 311–12.

---

[1] In her dissent, Judge Barkett noted that the "record is completely devoid of any evidence whatsoever pertaining to any appellants' knowledge of the presence of any controlled substance . . . ." *Walden*, 175 F. App'x at 317.

Therefore, there was sufficient evidence of Geer's knowledge that he was participating in a conspiracy.

Geer argues that he would have testified as to the reason he switched shifts, namely to get home early to help his wife with their annual Fourth of July party. Because this case was "close," this testimony may have proved that Geer was merely present aboard the ship for a legitimate reason. The only other evidence linking Geer to a conspiracy was a hand gesture in Geer's direction, the gloves and hat found in the yellow gear truck, Geer's questioning of the reason for the ship's delay, and that Geer moved the truck from one position to a second position closer to the "junk pile area." Only one agent saw a co-defendant make a hand gesture in Geer's direction, and only one agent saw Geer move the truck to a second position. If Geer had testified, the jury could weigh his credibility against that of the two agents, each of whom only saw a portion of the events that took place that night. Furthermore, the hard hat and gloves of a co-defendant merely showed an association with the co-conspirators, not a knowing participation in a conspiracy. Finally, Geer's questioning the first mate as to the delay of the ship may have been explained by his motive for switching shifts.

In her opening statement, the prosecutor emphasized that the defendants were on the cargo ship "for no legitimate reason other than to pick up that

cocaine," explaining that according to the actual controlling work schedule, Geer was supposed to have worked on another ship that night. The prosecutor also called a witness to testify as to this fact. Furthermore, Geer's counsel asserted in his opening statement that he would prove that Geer switched shifts to get home early for a Fourth of July party. However, his only attempt to do so was to elicit inadmissible hearsay from a witness. Because the fact that Geer switched shifts played a significant role in proving that he was not "merely present" at the location of the drugs, but rather that he was on the ship for an illegitimate purpose, we conclude that a reasonable probability exists that, but for counsel's alleged refusal to allow Geer to testify, the result of the case would have been different. Therefore, the district court abused its discretion in denying Geer's request for an evidentiary hearing.

The district court erred in denying Geer's § 2255 motion without holding an evidentiary hearing to determine whether Geer told his counsel that he wanted to testify because the record before the district court did not conclusively demonstrate that Geer is not entitled to any relief. Accordingly, we vacate the district court's order and remand for an evidentiary hearing.

**VACATED AND REMANDED.**