UNITED STATES, Appellee

v.

Justin L. Brooks, Specialist
U.S. Army, Appellant

No. 04-0348

Crim. App. No. 20000901

United States Court of Appeals for the Armed Forces

Argued November 9, 2004

Decided March 31, 2005

CRAWFORD, J., delivered the opinion of the Court, in which
GIERKE, C.J., EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant: Captain Michael L. Kanabrocki (argued); Colonel
Robert D. Teetsel, Lieutenant Colonel Mark Tellitocci, and Major
Sean S. Park (on brief); Colonel Mark Cremin and Major Allyson
Grace Lambert.

For Appellee: Captain Michael C. Friess (argued); Colonel Steven
T. Salata, Lieutenant Colonel Mark L. Johnson, and Major Natalie
A. Kolb (on brief); Captain Janine P. Felsman.

Military Judges: Patrick J. Parrish (arraignment) and Gary V.
Casida (trial)

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

United States v. Brooks, No. 04-0348/AR

Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, Appellant was convicted by a military judge sitting as a general court-martial of attempting to commit the offense of carnal knowledge with a child under the age of twelve and wrongfully soliciting an individual under the age of eighteen to engage in a criminal sexual act in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934 (2000), respectively.[1]  The convening authority approved the sentence of a bad-conduct discharge, ten months of confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  The United States Army Court of Criminal Appeals affirmed the findings and the sentence.  We granted review of the following issue:

> WHETHER APPELLANT'S CONVICTION FOR ATTEMPTING TO
> PERSUADE AN INDIVIDUAL UNDER THE AGE OF EIGHTEEN YEARS
> TO ENGAGE IN AN ACT OF CRIMINAL SEXUAL MISCONDUCT
> (SPECIFICATION 2 OF CHARGE I) IS SUPPORTED BY LEGALLY
> SUFFICIENT EVIDENCE WHERE THERE IS NO EVIDENCE THAT
> ANY PERSON UNDER EIGHTEEN YEARS OF AGE, OR A PERSON
> PRETENDING TO BE UNDER EIGHTEEN YEARS OF AGE, WAS EVER
> PERSUADED, INDUCED, ENTICED, OR COERCED TO ENGAGE IN
> AN ACT OF CRIMINAL SEXUAL MISCONDUCT.

FACTS

In December 1999 or January 2000, Appellant initiated an e-mail and "instant message" correspondence with a Mrs. N of Colorado, whom he met online in a chat room.  Appellant and Mrs.

---

[1] The charged violation of 18 U.S.C. § 2422(b) was incorporated into the UCMJ under Article 134.

N used the usernames "Jobthriller" and "SugarNspice510," respectively. Conversations that began as "just regular talk" gradually became sexual in nature, and ultimately centered on Appellant's desire to have sex with very young girls. On March 29, 2000, Mrs. N suggested, falsely, that she had an eight-year-old neighbor with whom Appellant could have sex. Appellant responded that he would prefer "a 6 yr old girl but 8 is fine."

After this exchange, Mrs. N contacted the local police and the Army Criminal Investigation Command (CID) at Fort Carson, Colorado. Mrs. N contacted CID through her husband, who worked at Fort Carson. She told her husband that Appellant "wanted to buy [her sister] for sex," and that she would "love to see him brought up on charges for every kid he has ever hurt." Mrs. N later testified that Appellant had not in fact offered to "buy" her sister.

CID Special Agent Vanderkooy set up a sting operation in which Mrs. N was to lure Appellant to a prearranged location where he would be arrested. Under CID's guidance, Mrs. N e-mailed Appellant to suggest they meet for sex while her husband was away. Appellant agreed, and asked Mrs. N to bring "that 8yr [sic] old girl[.]" Mrs. N promised to bring her sister instead, and discussed with Appellant the sexual details of their planned encounter. Plans were set for a meeting two days later at the Colorado Inn at Fort Carson. In a final communication, Mrs. N

3

suggested Appellant bring a teddy bear with him to "help break the ice" with her sister.

CID agents apprehended Appellant at the Colorado Inn on March 31. The agents seized and inventoried a shopping bag Appellant was carrying; it contained a stuffed animal tiger, a musical water globe, a light source with artificial flowers, and a knife. In a sworn statement taken after his arrest, Appellant admitted asking Mrs. N if he could have sex with her eight-year-old sister, but stated:

> I had no intentions [sic] to go through with any of the acts because I am not the type of person to do those types of things and I said what I said because it was erotic and exciting to me. It was pure talk with no interest of ever really committing the acts. I went to the Colorado Inn . . . to see if the night was a prank or if it was real. If it had been real I would have left without actually entering the room. I would never have sex with a girl under the age of 18[.]

## DISCUSSION

### Summary of the Arguments

Appellant states he "may have attempted to persuade Mrs. N to bring an eight-year-old girl to a hotel room where he could have engaged in criminal sexual intercourse," but refers to the plain language of 18 U.S.C. § 2422(b) (2000),[2] and argues that

---

[2] 18 U.S.C. § 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United

the evidence is insufficient to support his conviction because he never directly communicated with a minor.  The person with whom he communicated, rather, was an adult, Mrs. N.  Citing the interpretative preference for plain readings of unambiguous statutes, Appellant argues that § 2422(b) does not impose criminal liability for such "indirect" inducement.

The Government argues Appellant "attempted to persuade, induce[,] and entice an actual minor to engage in actual criminal sexual conduct," and urges this Court to find no difference between direct inducement and inducement through an intermediary.  The Government cites United States v. Root, 296 F.3d 1222 (11th Cir. 2002), cert. denied, 537 U.S. 1176 (2003), United States v. Murrell, 368 F.3d 1283 (11th Cir. 2004), and United States v. Filipkowski, ACM 34056, 2002 CCA 70 LEXIS, 2002 WL 496453 (A.F. Ct. Crim. App. Mar. 29, 2002), among others, as cases where actual minors were not required to sustain a conviction under § 2422(b).  Both Root and Filipkowski involved

---

States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

(emphasis added).  18 U.S.C. § 2422(b) was amended in 2003. When Appellant was convicted, the punishment under this provision was limited to imprisonment for "not more than 15 years."

5

United States v. Brooks, No. 04-0348/AR

defendants engaged in sexually explicit online conversations with undercover police officers pretending to be young children.

## Standard of Review

The test for legal sufficiency requires appellate courts to review the evidence in the light most favorable to the Government.  If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the evidence is legally sufficient.  United States v. Byers, 40 M.J. 321, 323 (C.M.A. 1994) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)); United States v. Turner, 25 M.J. 324, 324 (C.M.A. 1987).

## Fictitious Minors and Attempt

Whether a conviction under § 2422(b) requires an accused to communicate directly with a minor is an issue of first impression in this Court.  To resolve this issue, we rely on the text of the statute and cases from other jurisdictions that have addressed this issue.

The cases pertinent to our discussion involve three distinct issues: (1) whether the statute requires direct inducement of a minor; (2) whether the relevant criminal intent is the intent to induce, or the intent to commit the actual sexual act; and (3) whether the statute requires communication with an actual minor.

Regarding the requirement for direct inducement, the Eleventh Circuit, in United States v. Murrell, 368 F.3d 1283 (11th Cir. 2004), recently affirmed a § 2422(b) conviction on facts nearly identical to those before us.  There, appellant Murrell was engaged in online conversations of a sexual nature with undercover Detective Neil Spector.  Murrell expressed interest in "renting" Spector's fictitious thirteen-year-old daughter for a "discreet sexual relationship."  366 F.3d at 1284-85.  Murrell arranged to meet Spector at a hotel where he agreed to pay $300 for sex with the young girl.  Id. at 1285.  Police arrested Murrell when he arrived at the hotel carrying $300, a box of condoms, and a teddy bear.  Id.  The Eleventh Circuit rejected Murrell's argument that he did not violate § 2422(b) because he did not directly communicate with a minor or a person he believed to be a minor.  Id. at 1284-85.  On the contrary, the court found that Murrell's acts constituted "inducement" under the statute where, "[b]y negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him."  Id. at 1287.

Regarding the issue of intent and the substantial step necessary for an attempt conviction, the court held Murrell's actions, "taken as a whole, demonstrate unequivocally that he intended to influence a young girl into engaging in unlawful

7

sexual activity[.]"  Id. at 1288.  He made "explicit

incriminating statements to Detective Spector," "traveled two

hours . . . to meet a minor girl for sex," and "carried a teddy

bear, $300 in cash, and a box of condoms when he arrived at the

meeting site."  Id.

Other jurisdictions have held that a conviction under §

2422(b) does not require a defendant to attempt an actual sexual

act.  In United States v. Bailey, 228 F.3d 637 (6th Cir. 2000),

cert. denied, 532 U.S. 1009 (2001), for example, the Sixth

Circuit concluded that a § 2422(b) conviction requires only "an

intent to persuade or to attempt to persuade[,]" noting:

> Congress has made a clear choice to criminalize
> persuasion and the attempt to persuade, not the
> performance of the sexual acts themselves.

637 F.3d at 639.

Finally, there is abundant support for the proposition that

a conviction under § 2422(b) does not require an actual minor.

See, e.g., Root, 296 F.3d at 1227 (upholding an attempt

conviction under § 2422(b) where the "minor" was an agent with

the FBI's Innocent Images Task Force); United States v. Meek,

366 F.3d 705, 717 (9th Cir. 2004) (concluding "an actual minor

victim is not required for an attempt conviction under [§

2422(b)]"); United States v. Farner, 251 F.3d 510, 513 (5th Cir.

2002) (rejecting an "impossibility" defense to a § 2422(b)

conviction where defendant "acted with the kind of culpability

8

otherwise required for . . . the underlying substantive offense" and "engaged in conduct which constitutes a substantial step toward the commission of the crime");[3] Filipkowski, 2002 CCA LEXIS 70, 2002 WL 496453 (upholding a § 2422(b) conviction where the "minor" was a fiction created by a state Child Exploitation Task Force).[4]

Consistent with Murrell and the cited cases concerning criminal attempt, Appellant's conviction in this case is well supported by the facts. Appellant's intended eight-year-old victim began as a fiction and ultimately came to represent Mrs. N's young sister. As in Murrell, Appellant never directly communicated with an actual minor or with a person he believed was a minor.

Because he directed his efforts at Mrs. N instead of her sister, however, the members could have found Appellant "acted with the kind of culpability otherwise required . . . for the underlying substantive offense." Farner, 251 F.3d at 513; see also Byrd, 24 M.J. 286. He intended to have criminal sexual

---

[3] The military courts employ a similar test in criminal attempt cases. See United States v. Byrd, 24 M.J. 286 (C.M.A. 1987).

[4] Analogous attempt convictions result in drug sting cases where an accused negotiates but does not consummate an illegal drug transaction. See, e.g., United States v. Carothers, 121 F.3d 659, 661-62 (11th Cir. 1997); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1369-70 (11th Cir. 1994); United States v. McDowell, 705 F.2d 426, 428 (11th Cir. 1983); see also United States v. Forbrich, 758 F.2d 555, 557 (11th Cir. 1985) (affirming conviction for unconsummated espionage activities).

9

contact with a minor and told Mrs. N as much.  Because we conclude that Appellant acted "with the intent to induce a minor to engage in unlawful sexual activity, the first element of attempt is satisfied" here.  Murrell, 368 F.3d at 1287-88.

Appellant then completed the attempt with actions that "mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability."  Id. at 1288.  See also Farner, 251 F.3d at 513.  A reasonable finder of fact could determine that Appellant's travel to the Colorado Inn, and his arrival there with gifts for a child, constituted the overt act that was the "substantial step toward persuading, inducing, enticing, or coercing a minor to engage in illegal sexual activity."  Bailey, 228 F.3d at 640; Murrell, 368 F.3d at 1288.  A reasonable fact-finder could find unpersuasive Appellant's claim that he went to the Colorado Inn to determine whether his conversations with Mrs. N were part of an Internet prank by his friends.  The Filipkowski court found a similar argument "significantly undercut by the fact that the appellant actually traveled . . . in an attempt to meet the other person."  Filipkowski, 2002 CCA LEXIS 70 at *21, 2002 WL 496453 at *7.  As Root recognized, "the fact that [an appellant's] crime had not ripened into a completed offense is no obstacle to an attempt conviction."  296 F.3d at 1227.

## CONCLUSION

The evidence presented at trial strongly supported a conviction.  Appellant knowingly induced Mrs. N to bring her sister to the Colorado Inn for sex.  He was told, and appeared to believe, that the girl was eight years old.  Before meeting the girl at the Colorado Inn, Appellant bought gifts suitable for a young child.  Finally, Appellant was apprehended at the door of the hotel room in which he had arranged to meet Mrs. N. Viewed in the light most favorable to the Government, this evidence would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Byers, 40 M.J. at 323.

Thus, we affirm the decision of the United States Army Court of Criminal Appeals.