CORRECTED COPY

 UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant CHRISTOPHER A. BARBERI
 United States Army, Appellant

 ARMY 20080636

 Headquarters, V Corps
 Timothy Grammel and Gregg A. Marchessault, Military Judges
 Colonel Flora D. Darpino, Staff Judge Advocate

For Appellant: William E. Cassara, Esquire (argued); Captain Michael E.
Korte, JA; William E. Cassara, Esquire (on brief).

For Appellee: Captain Stephen E. Latino, JA (argued); Colonel Michael E.
Mulligan, JA; Major Christopher B. Burgess, JA; Major Ellen S. Jennings,
JA; Captain Stephen E. Latino, JA (on brief).

 22 February 2011

 ------------------------------------
 SUMMARY DISPOSITION
 ------------------------------------

Per Curiam:

 An officer and enlisted panel sitting as a general court-martial
convicted appellant, contrary to his pleas, of one specification of sodomy
of a child who had attained the age of 12, but was under the age of 16, and
one specification of possession of child pornography in violation of
Articles 125 and 134, Uniform Code of Military Justice 10 U.S.C. §§ 925 and
934 [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct
discharge, confinement for two years, and reduction to the grade of E1. The
convening authority approved confinement for one year and 361 days, but
otherwise approved the adjudged sentence. This case is before this court
on review pursuant to Article 66(c), UCMJ.

 In pertinent part, in an amended specification[1], the government
charged appellant under Article 134, UCMJ, with "knowingly possess[ing]
child pornography."[2] At trial, the prosecution introduced six images to
establish appellant possessed child pornography. The images were labeled
Prosecution Exhibits (PE) 21* through 26. In finding appellant guilty of
the specification and the charge of possessing child pornography, the panel
made no exceptions or substitutions to the finding.

 On appeal, appellant challenges the finding of guilty to child
pornography in a number of ways. We address two, in brief, in this
opinion.

 In assignment of error I, appellant avers:

 APPELLANT'S CONVICTION FOR POSSESSING CHILD PORNOGRAPHY MUST BE
 SET ASIDE BECAUSE THE GENERAL VERDICT OF GUILT RESTED ON CONDUCT
 THAT WAS CONSTITUTIONALLY PROTECTED, IN THAT AT LEAST ONE OF THE
 SIX IMAGES PRESENTED TO THE MEMBERS WAS NOT CHILD PORNOGRAPHY.

 In assignment of error III, appellant asserts:

 THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT A
 CONVICTION OF POSSESSION OF CHILD PORNOGRAPHY BECAUSE NONE OF
 THE IMAGES [] DEPICT[ED] A LASCIVIOUS EXHIBITION OF THE GENITALS
 OR PUBIC AREA.

We address each assignment of error in reverse order.

 We find PE 23, 24, 25, and 26 are legally and factually insufficient.
 See United States v. Craion, 64 M.J. 531, 534 (Army Ct. Crim. App. 2006)
(citing Jackson v. Virginia, 443 U.S. 307, 318-319 (1979); United States v.
Brooks, 60 M.J. 495, 497 (C.A.A.F. 2005)). We find that PE 23, 24, 25, and
26 do not depict any portion of the minor child's [SD's] genitalia or pubic
area. See generally United States v. Roderick, 62 M.J. 425, 429-430
(C.A.A.F. 2006) [citations omitted].

 We find the remaining two prosecution exhibits—21 and—22 constitute
child pornography. See, e.g., Roderick, 62 M.J. at 429-430. We find that
the evidence establishes that SD was approximately 12 years old when PE 21
and 22 were taken. Based on her age and sexual maturation at the time, we
find that each photo depicts SD’s pubic area, although neither depicts SD’s
genitalia. Id. Cf. United States v. Cox, 18 M.J. 72, 73 (C.M.A 1984). We
further find that the exhibition of SD’s pubic area was “lascivious” based
on a totality of the circumstances.” Roderick, 62 M.J. 425, 429-430
(citations omitted). In particular, we find PE 21 and 22 satisfy the
fourth, fifth, and sixth Dost factors. See United States v. Dost, 636 F.
Supp. 828, 832 (S.D. Cal. 1986) (adopted by military courts in Roderick, 62
M.J. at 429-430). Other factors that support a finding of lasciviousness
include the finding that appellant took the two photos in question; a
conclusion that appellant forced SD to perform oral sex on him in and
around the time frame the photos were taken; and a conclusion that
appellant wrote incest fantasy “stories” —admitted into evidence —including
those wherein incest between a father and a minor daughter occurred in a
shower. Based on a totality of the circumstances, we find PE 21 and 22
constitute child pornography. Roderick, 62 M.J. 425, 429-430. We further
find the evidence factually and legally sufficient to support the finding
that appellant possessed this child pornography. Accordingly, we find
Assignment of Error III is without merit.

 We further find Assignment of Error I to be without merit based on
our findings above. As our superior court noted in United States v.
Rodriguez, "so long as the fact finder entered a general verdict of guilty
to the [] . . . specification without exception, any of the individual acts
may be affirmed by the CCA as part of its Article 66, UCMJ review." 66
M.J. 201, 204 (C.A.A.F. 2008) (holding that if a service member was charged
with marijuana use "on diverse occasions," a service court of criminal
appeals could (in effect) uphold a single act of marijuana use if it found
it to be factually and legally sufficient so long as the panel entered a
general verdict without exceptions). See also Rule for Courts-Martial 918.
 Because we find PE 21 and 22 constitute child pornography, we find no
error with the general verdict returned by the panel.

 We have considered appellant's other assignments of error, including
matters raised pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.
1982) and find them to be without merit.

 On consideration of the entire record, we hold the findings of guilty
and sentence as approved by the convening authority correct in law and
fact. Accordingly, those finding of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] On the charge sheet (DD Form 458), the possession of child pornography
charge was Charge II, Specification 2.

[2] In the original specification, the government charged appellant, in
relevant part, with "knowingly possess[ing] more than three images of child
pornography."

* Corrected