# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ERIC L. NORDIN**
**United States Army, Appellant**

ARMY 20090044

Headquarters, 82nd Airborne Division
Patrick J. Parrish, Military Judge (arraignment)
Gary J. Brockington, Military Judge (trial)
Jeffrey Nance, Military Judge (*DuBay* Hearing)
Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate (pretrial)
Major Nelson J. Van Eck, Acting Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief); Major Richard E. Gorini, JA.

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

3 July 2013

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Senior Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of rape in violation of Article 120(a), Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 920(a) (2000 & Supp. V 2005), *amended by* 10 U.S.C. § 920 (2012), two specifications of sodomy in violation of Article 125, UCMJ, two specifications of indecent liberties

with a child in violation of Article 134, UCMJ,[1] and one specification of enticement of a minor under the age of 16 years in violation of 18 U.S.C. § 2422(b) charged as a violation of Clause 3 of Article 134, UCMJ. The panel sentenced appellant to a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority (CA) approved the sentence as adjudged.

## I. BACKGROUND

On 18 April 2011, this court issued a memorandam opinion setting aside certain findings, but affirming the remaining findings and the sentence.[2] *United States v. Nordin*, ARMY 20090044, 2011 WL 1532033 (Army Ct. Crim. App. 18 Apr. 2011) (mem. op.). On 28 October 2011, the Court of Appeals for the Armed Forces (CAAF) set aside our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration of the following issues:

> WHETHER TRIAL DEFENSE COUNSEL PROVIDED, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, INEFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL DEFENSE COUNSEL FAILED TO PRESENT A DEFENSE CASE ON FINDINGS OR TO PREPARE A DEFENSE SENTENCING CASE.
>
> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ-PONCE* AND *RUSSELL v.*

---

[1] The Article 134, UCMJ, offense "Indecent acts or liberties with a child" covered misconduct pre-dating the amendment to Article 120, UCMJ, which deleted "Indecent acts or liberties with a child" as an Article 134, UCMJ, offense effective 1 October 2007. *See Manual for Courts-Martial*, *United States* (2005 ed.), pt. IV, ¶ 87.b., *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007).

[2] During this initial appellate review by this court, we disapproved the finding of guilty as to sodomy in violation of Article 125, UCMJ (Specification 2 of Charge II), but affirmed the lesser-included offense of attempted sodomy in violation of Article 80, UCMJ. We also disapproved the finding as to enticement of a minor on *divers* occasions in violation of Article 134, UCMJ (Specification 3 of Charge III), affirming a finding of guilty as to enticement of a minor on only a single occasion.

> *UNITED STATES*, AND THIS COURT'S OPINION IN *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

*United States v. Nordin*, 70 M.J. 384, 385 (C.A.A.F. 2011) (summ. disp.). Our superior court further ordered us to "obtain an additional affidavit from the military trial defense counsel relating to the assigned issue, an issue that is broader in scope than a similar one raised below," and then determine whether it is necessary to order a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) (per curiam). *Id.*

On 16 December 2011, this court ordered appellant's military defense counsel to provide an additional affidavit addressing issues of ineffective assistance of counsel, and the requested affidavit was received by this Court on 20 January 2012.

On 6 March 2012, after applying the principles of *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), this court ordered a *DuBay* hearing to resolve material inconsistencies in the post-trial affidavits relating to the representation of appellant at his court-martial. The *DuBay* hearing was held on 18 and 19 May 2012, and the *DuBay* military judge issued findings on 27 July 2012.

## II. LAW AND DISCUSSION

We have reviewed appellant's case again pursuant to our authority under Article 66, UCMJ. In conducting our review we have considered the issues directed for review by our superior court, appellant's original assignments of error, appellate briefs concerning these assignments of error, the record of trial, affidavits to include those submitted by appellant's civilian and military defense counsel, the record of the *DuBay* hearing, the military judge's findings that resulted from this session, and further appellate briefs addressing the issues for consideration that were associated with the remand of this case from CAAF.

In light of this review, we find that appellant's original assigned errors, to include his allegation of ineffective assistance of counsel, have no merit. We have also considered the ineffective assistance of counsel issue as returned to us from our superior court, and conclude that appellant failed to meet the burden of showing his defense counsel provided ineffective representation by not presenting a case on findings or by failing to prepare a sentencing case. In addition, we conclude that, consistent with the initial holding of this court prior to its remand from CAAF, the evidence is factually and legally insufficient to support a finding of guilty as to the sodomy alleged in Specification 2 of Charge II, but does support a finding of guilty to the lesser-included offense of attempted sodomy, and that the evidence is factually and legally insufficient to establish that appellant committed the offense of enticement "on divers occasions" as alleged in Specification 3 of Charge III. Finally, in light of our superior court's decisions in *United States v. Fosler*, 70 M.J.

225 (C.A.A.F. 2011), and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we conclude that appellant's convictions for indecent liberties with a child in violation of Article 134, UCMJ (Specifications 1 and 2 of Charge III), must be set aside. We address these issues in more detail below.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, appellant must show that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires establishing that his counsel made errors that were so serious that they deprived appellant of "counsel" as guaranteed a criminal defendant under the Sixth Amendment. *Id*. It also requires appellant to show that his counsel's performance prejudiced appellant to such a degree that it denied appellant a fair trial. *Id*.

In assessing an ineffective assistance of counsel claim, this court must determine: (1) whether appellant's claims are true, and, if so, whether there is a reasonable explanation for counsel's actions; (2) if true, whether the level of advocacy on the part of appellant's lawyers fell measurably below the performance expected of fallible lawyers; and, (3) whether, absent the errors, there is a reasonable probability that the fact finder would have a reasonable doubt about appellant's guilt. *United States v. Miller*, 63 M.J. 452, 456 (C.A.A.F. 2006); *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991).

Appellant was represented by both a military and civilian defense counsel. As set forth in appellant's original assignment of error and later filings, as well as affidavits submitted in support of these, appellant alleged his defense counsel were ineffective in that they failed to: (1) conduct adequate pretrial investigation and preparation for trial; (2) present any evidence on the merits after the government rested its case; (3) use the services of an investigator retained to support the defense team; (4) call a retained defense expert to testify during the defense case-in-chief, or to have the expert observe the government's witnesses and provide consultation to the defense team; (5) call appellant, his cousin, his mother or his father as witnesses during the defense case in chief to rebut certain aspects of testimony provided by the victim during the government's case; (6) prepare a sentencing case in advance of findings; (7) present adequate material for consideration on the issue of an appropriate sentence, that was available or could have been made available with adequate preparation; and (8) include all relevant matters in appellant's post-trial submissions made pursuant to Rule for Court-Martial [hereinafter R.C.M.] 1105, requesting clemency from the convening authority.

We note that in support of his claim, appellant included two affidavits from his civilian defense counsel stating his opinion that both he and appellant's military defense counsel failed to provide effective assistance of counsel. Appellate courts

4

take a dim view of such after-the-fact conclusions by defense counsel that their performance was ineffective, *Hendricks v. Calderon*, 70 F.3d 1032, 1039–40 (9th Cir. 1995), and have held such conclusions to be irrelevant, *McAfee v. Thurmer*, 589 F.3d 353, 356 (7th Cir. 2009), since ineffectiveness is a question the courts must decide as a matter of law, *Harris v. Dugger*, 874 F.2d 756, 761 n.4 (11th Cir. 1989). Contrary to the civilian counsel's conclusions, appellant's military defense counsel submitted two affidavits in which he denied providing ineffective assistance of counsel and contradicted some of the assertions made by the civilian defense counsel.

We review the military judge's *DuBay* findings of fact under a clearly erroneous standard and his conclusions of law under a de novo standard. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2004). We find none of the *DuBay* judge's factual findings clearly erroneous and adopt them as our own.

### 1. Pretrial Investigation, Preparation, and Failure to Present Evidence

Defense counsel's pretrial investigation and preparation was not ineffective. The record indicates extensive pretrial preparation by appellant's military defense counsel and two paralegals. These efforts initially included reviewing the case file, conducting legal research, and discussing the case and relevant facts with appellant. Defense counsel and paralegals traveled to Fort Bragg,[3] where they interviewed the criminal investigators, members of appellant's unit, the child victim's teachers, the pediatrician who examined the child victim (LM), and the government's proposed expert witness. They also canvassed the neighborhood around appellant's residence, interviewed appellant's parents, reviewed appellant's military personnel records, requested the mental health records of LM and her mother, attempted to interview LM and her mother, and attempted to call them as witnesses at the investigation held pursuant to Article 32, UCMJ. Further, they investigated appellant's claims of misconduct by his wife. By the time appellant retained civilian counsel in October 2008, and had access to his civilian private investigator, there was little investigative activity to complete.

Appellant complains that his counsel did not fully investigate the areas around all of the locations where he was charged with committing sexual assaults and failed to interview Ms. HM, who knew appellant, his wife and daughter, and who had provided a statement included in the criminal investigation report. The record

---

[3] Appellant's detailed military defense counsel was assigned to Fort Gordon, Georgia, approximately 250 miles from Fort Bragg, North Carolina, where appellant was assigned, investigated and tried.

clearly indicates appellant's military defense team did canvass appellant's neighborhood and his unit, but were met with people who did not have information relevant to the offenses themselves and who were reluctant to get involved due to their unfamiliarity with appellant. The defense counsel interviewed appellant's parents, who were with appellant and LM in Richmond, Virginia, around the time of some of the charged offenses. However, they were unable to account for appellant's whereabouts and activities at all times and could not rule-out the opportunity for him to have committed the charged offenses. There is nothing to indicate appellant's counsel's efforts to identify relevant witnesses and question those with knowledge concerning the charged offenses was not reasonable in light of the circumstances.

Ms. HM's statement, contained in the investigation report, revealed no exculpatory information, but did contain information damaging to the defense case. Nonetheless, appellant's counsel went to Ms. HM's home twice and tried to reach her by phone more than once without success. Given that Ms. HM's statement contained no favorable information and that she was not identified as a potential witness, the efforts appellant's counsel made to contact her were not unreasonable. We thus find, based on all defense counsel's investigative efforts as described in the record, appellant has not met the burden to establish any deficiency in his counsel's pretrial investigation of his case. Further, appellant has not demonstrated any prejudice from the alleged failure to investigate.

After conducting a pretrial investigation, appellant's defense counsel was aware that the government case consisted of no physical evidence. Specifically, the pediatrician who medically examined LM would testify the victim had no signs of penetration or physical sexual trauma. There were no eye-witnesses to the assaults other than LM and appellant. Defense counsel assessed the government's case as "thin," a reasonable conclusion at the time, based on what the parties knew. The defense team was also aware of potentially damaging uncharged misconduct the government could admit if defense opened the door by presenting evidence and undiscovered misconduct that could be revealed to the government if defense requested additional technical examination of appellant's computer.

While there were competing claims as to how the defense arrived at a strategy, we find the *DuBay* judge properly found the military defense counsel's recollection most plausible. This counsel stated the strategy employed by the defense was determined after reviewing all the evidence and facts from their investigation and after consultation with both defense counsel and appellant himself. All parties associated with the defense agreed on a strategy of "less is more and adapt as contingencies presented themselves." We conclude this was a sound strategy under the facts and circumstances of this case. Given the defense's concern about opening the door to admission of damaging uncharged misconduct, we also find the defense strategy of attacking the government's thin case while presenting no evidence themselves did not amount to ineffective assistance of counsel.

### 2. *Failure to Use the Services of a Defense Expert or Call Specific Witnesses to Testify*

Appellant alleges his counsel were ineffective in not using the services of a defense expert or calling him to testify. Defense had retained an expert in forensic psychiatry, who was present at appellant's trial. Consistent with their trial strategy, defense did not intend to call any witnesses, but had the expert, appellant's cousin, and appellant's parents standing by to testify if necessary. The *DuBay* record revealed the expert never testified because defense counsel decided his testimony was not necessary. Defense counsel believed they had effectively cross-examined the government expert by having her admit that indicia she relied upon to suggest child sexual abuse could also be considered as indicia that child sexual abuse did not occur. The government expert also admitted she was not a medical doctor and had only interviewed LM for a limited period of time. We conclude the defense decision not to call their expert was part of the sound defense strategy. There is no explanation as to why the defense team did not ask their expert to observe testimony from government witnesses or consult with him, but the record contains nothing that would indicate these omissions, even if falling below the standards of competent representation, prejudiced appellant in light of the defense strategy employed and the effective cross-examination of the government expert.

We further find defense counsels' decision not to call appellant's cousin or parents did not amount to ineffective assistance of counsel because it was supported by their strategy and other considerations. Defense counsel aptly explained the rationale for deciding not to call these witness: they had no relevant evidence and could not provide an alibi, since they would not be able to account for all of appellant's time at home with the child victim, leaving open the opportunity for him to commit the crime; as close relatives, the members would likely view the witnesses as biased and not credible; if the witnesses became emotional and made verbal comments attacking LM and her mother, it could create additional sympathy for them; and, their testimony could open the door to testimony about the child victim's unusual behavior the members could view as corroborating her accusations.

Likewise, the decision that appellant would not testify was consistent with the defense strategy to present less evidence so as not to open the door to potentially damaging rebuttal evidence. As this court recently noted, "[w]hen an accused testifies on his own behalf, he does so at his own peril, risking that he might fill gaps or provide affirmative evidence contributing to or resulting in his conviction." *United States v. Pleasant*, 71 M.J. 709, 712 (Army Ct. Crim. App. 2012). The record clearly indicates appellant was aware the decision as to whether to testify was his to make, and that appellant personally made this decision following consultation and advice from his counsel.

### 3. *Preparing a Sentencing Case and Presenting Available Evidence Related to an Appropriate Sentence*

While appellant alleges his defense counsel was ineffective for failing to prepare any sentencing case in advance of trial, we concur with the *DuBay* judge's findings that defense did prepare for sentencing by: reviewing appellant's personnel files; interviewing potential character witnesses from appellant's unit; asking appellant to provide documentary materials to assemble into a "good soldier book" reflecting positively on his character; and interviewing appellant and his parents to prepare them to testify. Appellant never followed through in providing materials for the "good soldier book." In addition, defense counsel were unable to find witnesses from appellant's unit who possessed relevant knowledge helpful to appellant's sentencing case. Nevertheless, appellant and his father did testify on sentencing, and the *DuBay* judge concluded defense counsel did advance preparation with these witnesses prior to trial in anticipation of the need to call them during the sentencing case. The defense counsel considered calling their expert as a sentencing witness but decided against doing so because his testimony would relate to appellant's rehabilitative potential and potentially would open the door to damaging defense evidence concerning appellant's uncharged bad acts.

On appeal, appellant submits an affidavit from a pastor who knew appellant and his family, stating the pastor was willing to testify during appellant's sentencing hearing, but was not asked. The *DuBay* judge found that the military defense counsel was unaware of this witness as no one ever informed him of the witness's identity. The judge further found the witness had "nothing of evidentiary value he could have offered as a sentencing witness." Therefore, we find there is no indication defense counsel failed to take reasonable steps to prepare a sentencing case or to prepare sentencing witnesses to testify. Under the circumstances, defense counsel's failure to submit documentary material or call additional sentencing witnesses did not amount to ineffective assistance of counsel at the sentencing stage of appellant's trial.

### 4. *Submitting Appellant's Post-Trial Matters Pursuant to R.C.M. 1105 to the Convening Authority Without Including a Statement from Ms. HM*

The original report of criminal investigation into the allegations made against appellant contained a statement from Ms. HM, a woman who knew the child victim's mother. This statement indicated only that the child victim and her mother told Ms. HM that appellant had requested the child victim send nude pictures of herself to him. After trial, but before submission of R.C.M. 1105 matters, Ms. HM contacted appellant's parents by telephone and told them the child victim's mother had admitted to Ms. HM that she told her daughter to falsely state appellant asked for nude pictures to make the case against him stronger. Ms. HM said the admission

by the child victim's mother was made in October or November 2007, but Ms. HM never came forward with this information until March 2009.

Appellant's parents informed the defense counsel about the conversation, and the counsel waited for Ms. HM to contact him, but he later unsuccessfully tried to contact her to obtain a statement. The statement was not obtained from Ms. HM until 18 June 2009, when appellant's parents arranged for an investigator to go to her location. In order to make a timely submission under R.C.M. 1105 for consideration by the convening authority, appellant's defense counsel submitted matters on 21 May 2009, without including any statement from Ms. HM. However, defense counsel did submit a recording of Ms. HM's conversation with appellant's parents in which she can be heard stating the child victim's mother admitted lying and telling her daughter to lie. Defense counsel referenced this recording in appellant's R.C.M. 1105 submission as an enclosure, and the R.C.M. 1105 submission contained a summary of Ms. HM statements contained in the recording. Based on this, appellant's counsel asked the convening authority to order a new trial.

The *DuBay* judge found no evidence that appellant asked his counsel to delay making his R.C.M. 1105 submissions until he could obtain a statement directly from Ms. HM. We find that appellant's counsel's actions under the circumstances, in submitting timely R.C.M. 1105 matters with the recordings and a summary of Ms. HM's statement that concerned the child victim's mother admitting to lying and telling her daughter to lie, without waiting for a written statement from Ms. HM, does not amount to ineffective assistance of counsel.

In sum, we will not fault appellant's defense counsel for employing a strategy of "less is more" in this case, given that it was based on a reasonable investigation and was the product of consultation amongst defense counsel and appellant. We certainly do not find that the defense counsel's investigation or strategy to present no defense evidence on the merits amounted to ineffective assistance of counsel. Appellant has failed to demonstrate how his counsel's actions in representing him at trial and in post-trial matters fell measurably below the performance expected of fallible lawyers or prejudiced him to such a degree that he did not receive a fair trial or consideration for clemency by the convening authority.

## B. FAILURE TO STATE AN OFFENSE

Our superior court, in part, remanded this case with direction for us to consider the validity of Specifications 1 and 2 of Charge III, in that the charges are for offenses falling under Clause 1 or 2 of Article 134, UCMJ, and these specifications fail to include any reference to the "terminal element" the offense.

In consideration of our superior court's decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to set aside Specifications 1 and 2 of Charge III without prejudice. *See United States v.*

*Saintatude*, 56 M.J. 888, 891 (Army Ct. Crim. App. 2002), *aff'd*, 61 M.J. 175 (C.A.A.F. 2005). These two specifications allege appellant committed indecent acts upon a female child under sixteen years of age. Neither specification alleges either of the Article 134, UCMJ, terminal elements of conduct that is prejudicial to good order and discipline (Clause 1) or conduct of a nature to bring discredit upon the armed forces (Clause 2). Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), it was error to omit the terminal elements from these specifications. However, appellant did not object to the form of either specification at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error— which, in most cases will turn on the question of prejudice." *Humphries*, 71 M.J. at 213–14 (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Id.* at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

After thoroughly reviewing the record, we do not find any indication that notice of the missing terminal element is "somewhere extant in the trial record," and we find the evidence was controverted as to at least one clause of Article 134, UCMJ. *See id*. Neither specification on its face provides any notice of which terminal element or theory of criminality the government relied upon to prove this case. *See United States v. Gaskins*, 72 M.J. 225 (C.A.A.F. 2013). Furthermore, no witness testified as to how appellant's conduct violated either Clause 1 or 2 of Article 134, UCMJ. *Cf. United States v. Goings*, 72 M.J. 202 (C.A.A.F. 2013). Although the military judge properly instructed the panel on the terminal elements, this instruction came after the close of evidence, and "did not alert [appellant] to the Government's theory of guilt." *Humphries*, 71 M.J. at 216 (citing *Fosler*, 70 M.J. at 230).

Based on a totality of the circumstances, we are not convinced appellant was placed on sufficient notice of the government's theory as to which clause(s) of Article 134, UCMJ, he violated. As a result, the Government's failure to allege the terminal elements constituted material prejudice to appellant's substantial right to notice. *See* UCMJ art. 59(a).

## C. LEGAL AND FACTUAL SUFFICIENCY

Finally, with respect to whether the evidence is factually and legally insufficient to support Specification 2 of Charge II as charged and a portion of Specification 3 of Charge III, we adhere to our previous decision as follows:

### Charge III - Enticement Charge on "Divers Occasions"

In Specification 3 of Charge III, the government charged appellant with enticing L.M. to send him naked pictures of herself over the internet on divers occasions. At the time, appellant was located in Afghanistan and [LM] was located at or near Fort Bragg, North Carolina. The specific language of the specification alleged appellant:

> [D]id, at or near Bagram Afghanistan, *on divers occasions* between on or about 30 August 2007 and 2 September 2007, knowingly entice through means of interstate or foreign commerce, Miss [LM] a female under the age of 16 years, to take naked pictures of herself and to send them to him over email, in violation of 18 United States Code 2422(b) which conduct was likely to bring discredit upon the armed forces or was prejudicial to good order and discipline. (emphasis added).

We find the evidence in the record of trial factually and legally insufficient to establish that appellant committed the offense of enticement on "divers occasions" as alleged. Specifically, we find the record of trial insufficient to establish appellant committed the charged offense at least twice or on at least two occasions. *See, e.g.*, *United States v. Rodriguez*, 66 M.J. 201, 203 (C.A.A.F. 2008). *See also United States v. Craion*, 64 M.J. 531, 534 (Army Ct. Crim. App. 2006) (citing *United States v. Brooks*, 60 M.J. 495, 497 (C.A.A.F. 2005); *Jackson v. Virginia*, 443 U.S. 307, 318–319 (1979).

We further find, however, the evidence sufficient to establish that appellant committed the charged offense on or about 2 September 2007.[FN*] . . .

> FN* In finding appellant guilty to Specification 2 of Charge II, the panel made no exceptions or substitutions when making its general verdict finding. As a result, "[t]here [is] no actual or implicit finding of not guilty by the members to [this offense]." *See United States v. Rodriguez*, 202, 204, fn. 3 (C.A.A.F. 2008).

. . . .

11

## Charge II - Sodomy Charge in Richmond,VA

In Charge II, the government averred in two separate specifications that appellant committed oral sodomy with his 12-year old stepdaughter — Miss [LM]. Each specification alleged, in effect, appellant had [LM] place his penis in her mouth, but the specifications differed in stating where and when the offenses occurred. Specification 1 alleged the offense occurred at Fort Bragg, North, Carolina, while Specification 2 alleged the offense occurred in Richmond, Virginia. While we find Specification 1 legally and factually sufficient, we find Specification 2 factually and legally insufficient.

As reflected on the charge sheet, the government alleged appellant:

> [D]id, at or near Richmond, Virginia, on divers occasions, between on or about 21 June and 5 July 2007, commit sodomy with Miss [LM], a child who had attained the age of 12 years but was under the age of 16 years, by placing his penis *in her mouth*. (emphasis added)

At trial, the government predicated its evidence regarding the actual act of sodomy almost exclusively on the testimony of [LM]. In relevant part, [LM] testified that while she and her parents were visiting appellant's parents' house in Richmond, Virginia:

> "[E]verybody went out to go look at furniture or something and it was just me and him there. He went and he called me into the bathroom and he made me put my mouth *on it* again." (emphasis added)

The offense of sodomy consists of unnatural carnal copulation with a person of the same or opposite sex. Article 125, UCMJ (10 U.S.C. § 925). In relevant part, the Manual for Courts-Martial states "[i]t is unnatural carnal copulation for a person to take into that person's mouth or anus the sexual organ of another person . . . or to place that person's sexual organ in the mouth . . . of another person . . ." *Manual for Courts-Martial*, *United States* (2008 ed.), Part IV, para 51c. Penetration, however slight, is sufficient. Article 125, UCMJ (10 U.S.C. § 925). In the instant case, for Specification 2 of Charge II, the evidence was

insufficient to establish that any penetration of any orifice occurred. As a result, the evidence is factually and legally insufficient to establish that appellant is guilty of the offense of sodomy. *See Craion*, 64 M.J. at 534 (citations omitted); *Brooks*, 60 M.J. at 497; *Jackson v. Virginia*, 443 U.S. at 318-319.

In addition to the defect regarding lack of penetration, Specification 2 of Charge II is factually and legally insufficient to establish appellant committed the offense on "divers occasions." Specifically, we find the record of trial fails to establish appellant committed the charged offense at least twice or on at least two occasions. *See, e.g.*, *Rodriguez*, 66 M.J. at 203. *See also Craion*, 64 M.J. at 534 (citations omitted); *Brooks*, 60 M.J. at 497; *Jackson v. Virginia*, 443 U.S. at 318–319.

We find, however, the evidence factually and legally sufficient to establish the lesser included offense of attempted sodomy between on or about 21 June and 30 June 2007. Accordingly, we affirm appellant's conviction to Specification 2 of Charge II on the lesser included offense of attempted sodomy in violation of Article 80, UCMJ. *See* Article 59(b) (10 U.S.C. § 859(b)). *See also United States v. Medina*, 66 M.J. 21, 25 (C.A.A.F. 2008).

*United States v. Nordin*, ARMY 20090044, 2011 WL 1532033, at *1–2 (Army Ct. Crim. App. 18 Apr. 2011) (mem. op.).

### D. SENTENCE REASSESSMENT AND APPROPRIATENESS

As discussed above, this court has determined that the findings of guilty relating to four specifications must be modified or set aside. Therefore, we must consider whether reassessment without a rehearing is possible, and if so, whether appellant's sentence must be reduced. *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring). In this case, we can be "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *Sales*, 22 M.J. at 307 n.3, and therefore, we will reassess the sentence at our level. In performing our reassessment, we conclude that the modified findings do not warrant a reduction of appellant's sentence. The maximum sentence that could have been imposed, life without parole, remains unchanged, *see United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003) (noting that a "dramatic change in the 'penalty landscape'" lessens a service court's ability to reassess a sentence), and appellant remains convicted of the most serious charges he faced at court-martial, *see United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (holding a service court must be confident "that, absent

the error, the sentence would have been at least of a certain magnitude" (citing *Sales*, 22 M.J. at 308)). Accordingly, we find the approved sentence is correct in law and fact and, based on the entire record, should be affirmed. *See* UCMJ art. 66(c).

## CONCLUSION

On consideration of the entire record, the assigned errors, the briefs submitted by the parties, and in light of *Humphries*, the following action is taken regarding the findings.

The findings of guilty to Specifications 1 and 2 of Charge III are set aside and those specifications are dismissed without prejudice.

We affirm only so much of the finding of guilty to Specification 2 of Charge II as finds appellant did: "at or near Richmond, Virginia, between on or about 21 June 2007 and 5 July 2007, attempt to commit sodomy with Miss [LM], a child who had attained the age of 12 years but was under the age of 16 years, by placing his penis in her mouth."

We affirm only so much of the finding of guilty to Specification 3 of Charge III as finds appellant did: "at or near Bagram, Afghanistan, on or about 2 September 2007, knowingly entice through means of interstate or foreign commerce, Miss [LM], a female under the age of 16 years, to take naked pictures of herself and to send them to him over email, in violation of 18 United States Code 2422(b) which conduct was likely to bring discredit upon the armed forces or was prejudicial to good order and discipline."

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the above modified findings, the errors noted, the entire record, and in accordance with the principles of *Sales* and *Moffeit*, to include the factors Judge Baker identified in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored. *See* UCMJ art. 75(a).

NORDIN—ARMY 20090044

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court