# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, B.T. PALMER, P.D. LOCHNER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**JESUS B. COLON**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201500385**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 26 August 2015.
**Military Judge:** LtCol E.H. Robinson, Jr., USMC.
**Convening Authority:** Commanding General, 3d Marine Logistics Group, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** Maj M.C. Evans, USMC.
**For Appellant:** Maj Michael D. Berry, USMCR.
**For Appellee:** CAPT Dale O. Harris, JAGC, USN; Maj Tracey L. Holtshirley, USMC.

**26 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge convicted the appellant at a general court-martial of one specification of attempted sexual assault of a child and two specifications of attempted sexual abuse of a child, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 980. The military judge sentenced the appellant to confinement for 24 months, reduction to pay grade E-1, a reprimand, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) suspended confinement in excess of 12 months and approved the remainder of the sentence.

The appellant now argues that his guilty pleas were improvident because the law enforcement agent with whom he communicated was not actually a minor.[1] We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and the sentence. Arts. 59(a), 66(c), UCMJ.

## Background

On 4 March 2015, the appellant began communicating online with a law enforcement agent who told him that her name was "Liz" and that she was fourteen years old. The conversations quickly turned sexual and the appellant made arrangements to meet with "Liz" with the intent to engage in sexual intercourse with her. To do so, he travelled from his duty station at Camp Foster, Okinawa, to Kadena Air Force Base, Okinawa on 21 April 2015. Once on board Kadena, the appellant was arrested.

## Analysis

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (internal quotation marks and citations omitted). Any ruling by the military judge based on an erroneous view of the law constitutes an abuse of discretion. *United States v. Wardle*, 58 M.J. 156, 157 (C.A.A.F. 2003). This court reviews questions of law arising from a guilty plea *de novo*. *United States v. Ibaninette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The appellant now challenges his pleas, arguing that it was impossible for him to commit the underlying offense since his intended minor victim was not a minor but an adult law enforcement agent.

It is well-settled that impossibility -- the fact that the appellant could not have successfully completed his intended criminal acts -- is not a defense to criminal attempt. *See United States v. Valigura*, 54 M.J. 187, 189 (C.A.A.F. 2000) ("[I]n military justice, impossibility -- whether of law or fact -- is no defense in a prosecution for conspiracy or attempt.") (citation omitted)). Moreover, while this court has not previously addressed a conviction for an Article 80 attempt of an Article 120b violation, several other courts have upheld criminal attempt convictions based upon the same or similar factual scenarios. *See United States v. Brooks*, 60 M.J. 495, 498 (C.A.A.F. 2005) (upholding both convictions for attempting to commit the offense of carnal knowledge with a child under 12 under the pre-2007 version of Article 120, in violation of Article 80, UCMJ, 10 U.S.C. § 880, and for attempting to solicit a minor to engage in a criminal sexual activity in violation of 18 U.S.C. § 2422(b),[2] even though Brooks communicated with an adult and the minor never existed); *see also United States v. Root*, 296 F.3d 1222 (11th Cir. 2002) (upholding an attempt conviction under 18 U.S.C. § 2422(b) where the "minor" was an FBI agent); *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004) (concluding "an actual minor victim is not required for an attempt conviction under [§ 2422(b)]"); *United States v.*

---

[1] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Currently codified as "[w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

*Farner*, 251 F.3d 510, 513 (5th Cir. 2002) (rejecting an "impossibility" defense to an attempt conviction under § 2422(b) where defendant "acted with the kind of culpability otherwise required for . . . the underlying substantive offense" and "engaged in conduct which constitutes a substantial step toward the commission of the crime").

The elements of the crime of attempt are "(1) that the accused did a certain overt act; (2) that the act was done with the specific intent to commit a certain offense under the code; (3) that the act amounted to more than mere preparation; and (4) that the act apparently tended to effect the commission of the intended offense." MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed)., Part IV, ¶ 4b. In cases of attempted sexual assault or abuse of children, the actual age and identity of the intended victim is an element of the offense attempted, not an element of Article 80. The cases cited *supra* reflect settled law that the prosecution's burden in an attempt offense does not extend to proving that the appellant committed each element of the offense attempted.

During his providence inquiry, the appellant admitted that he initiated the sexual conversations with "Liz," that he believed her to be a 14-year-old girl, and that he traveled to Kadena with the intent to have sexual intercourse with that 14-year-old girl in order to gratify his sexual desires. The appellant stated that he would have completed the offense of sexual assault of a child if the circumstances had been as he believed them to be. The record thus clearly establishes each element of the appellant's convictions for attempted sexual misconduct with a minor and the military judge did not abuse his discretion in accepting his pleas.

Finally, although not raised by the appellant, the staff judge advocate's recommendation and the CA's action both erroneously reflect that in specifications 6 and 7 of Charge I, the appellant pled and was found guilty of attempted sexual assault of a child instead of attempted sexual abuse of a child. The appellant has not asserted and we have not found any prejudice to the appellant from these errors. However, the appellant is entitled to have the promulgating order correctly reflect the results of his proceeding. We shall order corrective action in our decretal paragraph. *United States v. Crumpley*, 49 M.J. 538 (N.M.Ct.Crim.App 1998).

**Conclusion**

The findings and the sentence are affirmed. The supplemental court-martial order shall reflect that, in addition to the sexual assault charged in Specification 1 of Charge I, the appellant was found guilty of attempted sexual abuse of a child, as charged in Specifications 6 and 7 of Charge I.

For the Court

R.H. TROIDL
Clerk of Court

3