[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2008
THOMAS K. KAHN
CLERK

No. 08-12281
Non-Argument Calendar

_____

D. C. Docket No. 04-20245-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO FELIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 3, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On February 4, 2005, appellant Gilberto Felix pled guilty pursuant to a plea

agreement to four counts of a forty-nine count indictment: Count 1, conspiracy to defraud the United States; Count 11, possession of fictitious obligations intended to defraud the United States; Count 27, passing fictitious obligations; and Count 43, misuse of a social security number. The district court sentenced him to concurrent sentences of imprisonment totaling 168 months. We dismissed his appeal of his convictions and sentences because, in executing the plea agreement, he waived the right to appeal.

On January 23, 2007, Felix moved the district court pursuant to 28 U.S.C. § 2255 to vacate his convictions and sentences. The court denied his motion. Then, on January 18, 2008, he moved the district court pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) to require the Government to produce audio recordings and communications on the ground that they constituted Brady material.[1] The district court denied the motion.

Although it is not apparent from the district court's order denying the motion that the court treated it as a successive § 2255 motion, a reading of the  motion indicates that it does seek relief from Felix's convictions and sentences. To the extent that the motion sought such relief, it was due to be denied, because Felix had not obtained leave of this court to file it. See 28 U.S.C. § 2255. The court was

_____

[1] See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).

2

also obliged to deny Rule 16 relief because the court lacked jurisdiction to consider the motion. Rule 16 imposes on the Government an ongoing duty to disclose information "before or during trial." Nothing in the rule grants the district courts the authority to enforce the rule long after the criminal case has concluded. The district court's order denying Felix's motion is, accordingly,

AFFIRMED.