[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10041
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00228-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN JOSEPH MOORE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 23, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin Moore appeals his conviction for attempted possession with intent to

distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846.  Prior to trial, Moore moved to exclude evidence of his 1999 conviction for distribution of cocaine base. The court ruled the evidence was admissible under Federal Rule of Evidence Rule 404(b).  At trial, the government's informant testified that Moore approached him to purchase a half-kilo of cocaine, contacted him frequently to discuss the details of the purchase, showed up at the designated deal location with $17,000, the agreed-on purchase price, asked for the drugs, and began counting the cash.  The government also introduced a videotape recording and recorded phone calls between the two men on the day of the deal.  Before Moore received any cocaine, the police arrested him.

Moore raises two issues on appeal: (1) he argues that there was insufficient evidence to support his conviction; and (2) he argues that the district erred in admitting evidence of his 1999 conviction for distribution of cocaine base.  After careful review, we affirm Moore's conviction.

## I.    Sufficiency of the Evidence

We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government.  *United States v. Williams*, 527 F.3d 1235, 1244 (11th Cir. 2008).  We will not disturb a guilty verdict unless, based on the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt.  *United States v. Silvestri*, 409 F.3d 1311,

2

1327 (11th Cir. 2005).

To support a conviction for attempted possession of cocaine with intent to distribute under 21 U.S.C. §§ 841 and 846, the government must prove that the defendant (1) acted knowingly or intentionally to possess cocaine with the intent to distribute; and (2) engaged in conduct which constitutes a substantial step toward the commission of the crime, thus creating circumstances strongly corroborative of criminal intent. *United States v. McDowell*, 705 F.2d 426, 427–28 (11th Cir. 1983); *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974).[1]  On appeal, Moore only argues that the government failed to produce sufficient evidence that he engaged in conduct constituting a substantial step toward the commission of the crime.

A substantial step must be shown by objective acts that are strongly corroborative of criminal intent. *United States v. Carothers*, 121 F.3d 659, 661 (11th Cir. 1997).  A substantial step does not require an actual exchange so long as other objective acts corroborate an intent to complete the crime. *See McDowell*, 705 F.2d at 427–28 (holding that the defendant had completed a substantial step toward possession with intent to distribute, despite defendant's refusal to complete the transaction, based on acts including (1) a prior drug transaction; (2) recorded

---

[1]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

phone conversations about a possible cocaine deal; (3) defendant's trip to the site of the deal; and (4) defendant's conversations with the informant at the location of the deal).

Here, there was sufficient evidence for the jury to reasonably determine that Moore attempted to possess cocaine with the intent to distribute. There were several objective acts by Moore on the day of the deal that were strongly corroborative of a criminal intent: (1) Moore confirmed that he was "ready" to do the deal and that he would meet the informant at a parking lot in five minutes; (2) Moore showed up at the parking lot minutes later; (3) Moore asked the informant if he had the half-kilo of cocaine; (4) Moore brought approximately $17,000 in cash with him, which was the price that he and the informant had previously agreed on for the sale; and (5) Moore began counting the cash in front of the informant, ultimately counting $14,000 when law enforcement arrived and arrested him. Moore argues that a discussion over the price on the day of the deal rendered Moore's acts prior to that point irrelevant. However, Moore's actions on the day of the deal were consistent with an intent to complete the transaction under the terms originally agreed upon by the two men, especially considering that Moore began counting the money only after he discussed the price with the informant and

4

that Moore was arrested with approximately $17,000 in cash. *See id.*; *Carothers*, 121 F.3d at 661–66.[2]

## II.    Admission of Prior Conviction

We review a district court's admission of prior crimes or bad acts under Rule 404(b) for abuse of discretion. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act . . . may be admissible for . . . proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In order to admit evidence under Rule 404(b), three conditions must be met: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the evidence must be sufficient for a jury to find the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310–11 (11th Cir. 2005).

In weighing the probative value of evidence against its prejudicial effect, a district court should consider factors such as the similarity between the charged

---

[2]    Moore also argues that the informant's testimony was unreliable. Credibility questions are for the jury, and we will assume that the jury answered them in a manner that supports the jury's verdict. *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009). Testimony will not be considered incredible as a matter of law unless it is testimony that on its face cannot be believed. *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005). Here, the jury was entitled to believe the informant's testimony, and Moore does not argue that the testimony was unbelievable on its face or incredible as a matter of law.

and extrinsic offenses, the government's need for evidence of intent, and the time elapsed between the charged and extrinsic offenses. *United States v. Edouard,* 485 F.3d 1324, 1345 (11th Cir. 2007). When Rule 404(b) "other crimes" evidence goes to intent, rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required, and a similarity in overall purpose of each is sufficient. *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995) (upholding admissibility of extrinsic offense involving the purchase of a comparatively small amount of cocaine as evidence of intent for the charged offense, a multi-million dollar cocaine importation, because the offenses were similar in their overall purpose—trafficking in cocaine). After a defendant puts his intent at issue by pleading not guilty, the strength of the government's case on intent must be "overwhelming" in order to render extrinsic evidence on intent unnecessary. *See United States v. Dorsey*, 819 F.2d 1055, 1060–61 (11th Cir. 1987) ("Moreover, the government's proof of intent at trial was not so overwhelming as to render the extrinsic offense evidence merely cumulative."); *United States v. Hicks*, 798 F.2d 446, 451–52 (11th Cir. 1986).

We have found that an intervening period of as much as fifteen years did not render evidence of prior convictions inadmissible. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995); *cf. United States v. Sanders*, 668 F.3d 1298, 1315 (11th Cir. 2012) (holding the district court abused its discretion in admitting a

22-year-old conviction involving 1.4 grams of marijuana, and recognizing that although we have declined to establish a bright-line rule for when a prior conviction is too old to be admissible, the conviction at issue was "nearly fifty percent older than the oldest conviction we have previously allowed [in *Lampley*]").  A defendant's incarceration for a substantial amount of the time between two offenses diminishes the significance of the intervening time period. *United States v. LeCroy*, 441 F.3d 914, 926 (11th Cir. 2006).

Finally, if a court commits error under Rule 404(b), we determine "whether the error was harmless."  *United States v. Bradley*, 644 F.3d 1213, 1273 (11th Cir. 2011).  Improper admission of 404(b) evidence is harmless when, even without the 404(b) evidence, there is substantial evidence against the defendant that would allow a jury to find the defendant guilty beyond a reasonable doubt.  *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998).

Here, the district court did not abuse its discretion in admitting Moore's 1999 conviction for distribution of cocaine base.  Moore concedes that the first two elements of this Court's Rule 404(b) admissibility standard are met, and we agree with the district court that the prejudicial effect of admitting this conviction did not substantially outweigh its probative value.  The present offense and the extrinsic offense are substantially similar: both involve cocaine substances, and, despite differences in quantity and Moore's position as the buyer or seller, they are similar

7

in their overall purpose, trafficking cocaine substances. *See Delgado*, 56 F.3d at 1366. Further, although the government did have substantial evidence on the issue of intent, it was not "overwhelming" to an extent that rendered the admission of additional evidence an abuse of discretion. *See Dorsey*, 819 F.2d at 1061; *Hicks*, 798 F.2d at 451–52. Finally, the 13-year old conviction is not too remote to be probative. It is younger than the conviction approved in *Lampley*, 68 F.3d at 1300, and the significance of the length of time is diminished because Moore spent approximately ten of the thirteen years in prison. *See LeCroy*, 441 F.3d at 926. The district court did not abuse its discretion in admitting the 404(b) evidence of Moore's past conviction.[3]

### III.    Conclusion

For the foregoing reasons, we affirm Moore's conviction.

**AFFIRMED.**

---

[3] Even if the district court had erred, we would readily conclude that any error was harmless in light of the other evidence of Moore's guilt. *See Hubert*, 138 F.3d at 914.