[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15265
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00228-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CALVIN JOSEPH MOORE,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 26, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin Moore, a federal prisoner serving a 120-month sentence for attempting to possess cocaine with intent to distribute, appeals the district court's *sua sponte* denial of his post-conviction discovery motion.  Moore argues that he needed the discovery to make a *prima facie* showing for leave from this Court to file a successive 28 U.S.C. § 2255 petition, so that he could file a Fourth Amendment claim under the Supreme Court's decision in  *Carpenter v. United States*, 138 S. Ct. 2206 (2018).  We affirm the district court's denial of Moore's motion for discovery.

Moore was convicted of conspiracy to distribute cocaine in 2012 and was sentenced to a 120-month prison term.  We affirmed Moore's conviction on appeal.  *See generally United States v. Moore*, 535 F. App'x 795 (11th Cir. 2013).  Since then, Moore has repeatedly attempted to collaterally attack his conviction.  He filed a motion under 28 U.S.C. § 2255 in 2014, alleging that law enforcement violated his Fourth Amendment rights by conducting a warrantless search of his cell phone, relying on the Supreme Court's then-recent decision in *Riley v. California*, 573 U.S. 373 (2014).  The district court denied Moore's petition, determining that his claim was procedurally barred because he did not raise it on direct appeal and denying a certificate of appealability.  We denied a COA for the same reason.

Following the denial of his 2014 petition, Moore has filed three *pro se* discovery motions.  All three motions were filed with the explicit purpose of gathering evidence to support a *Carpenter*-based Fourth Amendment claim that would enable him to file a second or successive section 2255 petition.  The district court, however, denied each of Moore's three motions *sua sponte* without providing any explanation.

In Moore's third motion—the denial of which is before us—Moore requested that the government provide: (1) all reports prepared by law enforcement for the confidential informant in his case; (2) all warrants used during the government's investigation; (3) all discovery related to his cell phone, including his physical location; (4) all subpoenaed or court-ordered courts for his phone; and (5) all government trial exhibits related to subpoenaed phone tolls from his phone.  On appeal, he argues that the district court erred in denying his motion because the evidence he requested was needed to make a *prima facie* showing for leave from this Court to file a successive section 2255 motion to assert his *Carpenter* claim.  He claims that with the discovery material, "there is an overwhelming reasonable probability that the jury verdict would have been not guilty."  The government, in turn, responds that the district court did not have jurisdiction because this Court had not granted Moore leave to file a successive section 2255 petition and, therefore, there was no live case before the district court.  It also argues that, even

3

if the district court had jurisdiction, Moore did not establish good cause for discovery.

We review *de novo* questions concerning subject matter jurisdiction of the district court, *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir.), and review a district court's denial of a post-conviction discovery motion for abuse of discretion, *United States v. Espinosa–Hernandez*, 918 F.2d 911, 913 (11th Cir. 1990). We construe pleadings filed by *pro se* parties liberally. *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997).

Collateral attacks on the legality of a federal sentence typically must be brought under a section 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). A federal prisoner who fails to raise a claim on direct appeal may be procedurally barred from raising the claim in a section 2255 motion, absent a showing of cause that excuses the default and prejudice, or actual innocence. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A federal prisoner who wishes to file a successive section 2255 motion is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. Absent prior authorization from a court of appeals, a district court lacks jurisdiction to consider a successive section 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

4

In *Carpenter*, the Supreme Court held that an individual maintains a legitimate expectation of privacy in his physical movements captured by wireless carriers—which collect a user's location from a time-stamped record known as cell-site location information—and, therefore, the government needs a warrant supported by probable cause to access that information. *See* 138 S. Ct. at 2211, 2217, 2219, 2220–21, 2223.

We have not had the occasion to address the specific issue of whether a district court has jurisdiction over a federal prisoner's post-conviction discovery motion in anticipation of his filing a section 2255 motion or a successive section 2255 motion.[1]  But we do not need to resolve that thorny question to address the merits of Moore's appeal.  Even assuming, *arguendo*, that the district court had jurisdiction to decide Moore's triad of discovery motions, we cannot conclude that it abused its discretion in denying Moore's third motion.  The Supreme Court's opinion in *Carpenter* concerned a person's expectation of privacy in his physical movements gathered by wireless carriers.  That holding does not affect Moore's conviction.  None of the trial evidence that Moore references specifically shows

---

[1] We note that, in *United States v. Felix*, an unpublished opinion from 2008, we affirmed the denial of a petitioner's discovery motion, which was filed after he was convicted, sentenced, and his first section 2255 motion denied.  298 F. App'x 905, 906 (11th Cir. 2008).  In support of its conclusion, the *Felix* panel stated that the district court lacked jurisdiction to provide relief under Federal Rule of Criminal Procedure 16, because nothing in that rule authorized discovery after a criminal case concluded, and to the extent that Felix's motion sought relief from his convictions and sentences, it was due to be denied because this Court had not authorized a successive section 2255 motion. *Id.*

that law enforcement obtained, or that the government relied on or used, records of his *physical location* that his wireless carrier gathered.  Instead, the evidence introduced in support of the government's case at trial served as direct proof that Moore had attempted to acquire cocaine with the intent to subsequently distribute it—*e.g.*, a recorded phone call between Moore and a confidential informant and a videotape of the attempted exchange of drugs between Moore and the informant.  That evidence was introduced at trial as direct proof that Moore committed the crime.  No indirect proof based on cell-tower data of Moore's physical location was introduced.  Accordingly, we conclude that the district court did not abuse its discretion in granting Moore's third discovery motion.

Moreover, even if the evidence was the sort implicated by the Supreme Court's holding in *Carpenter*, Moore has procedurally defaulted his *Carpenter* claim because, like his *Riley* claim from his *first* section 2255 petition, he failed to raise it on direct appeal and cannot demonstrate cause for his failure to do so, or prejudice. *See Darby*, 405 F.3d at 944.

Accordingly, we affirm.

AFFIRMED.